SIMONTON *versus* GRAY.

Mergers are not favored in courts of law or in courts of equity.

When the purchaser of an equity of redeeming mortgaged land becomes also the assignee of the mortgage, there is not necessarily an extinguishment of either estate.

If substantial justice may be promoted, the mortgage may be upheld by the assignee, according to his intention or his interest.

A widow has the right to redeem real estate, mortgaged by her husband during coverture, although the rights of the mortgagee and also of the mortgager have both come by assignments to the defendant, and although, in the mortgage deed, she relinquished her right of dower.

Of the mode of computing the entire value or the annual value of a widow's right of dower in mortgaged real estate.

BILL IN EQUITY to redeem real estate mortgaged.

The plaintiff is the widow of John Simonton, who died in 1851, and who, in 1844, mortgaged the land, by a deed in which the plaintiff relinquished her right of dower. In 1847, the land was sold for taxes to one Lord, who afterwards conveyed his title to the mortgagee.

Through several conveyances, the defendant became the assignee under the mortgagee and also the assignee under the mortgager.

In July, 1849, the original mortgagee took measures to foreclose by publishing in a newspaper and recording the same as the statute prescribes. The plaintiff, within the three years, and before the filing of this bill, demanded of the defendant an account, &c. which he neglected to render.

NOTE. If the widow is entitled to redeem, the parties requested the Court to give instructions, as to the principles which should govern the master in deciding what amount in gross, or what amount annually, ought to be paid to her for a release of the estate.

*Butler*, for the plaintiff.

*Willis & Fessenden*, for the defendant.

HOWARD, J. — An equity of redemption is an estate in the land, which may be devised, or taken on execution, and which

may descend to heirs.   It is subject to dower.   Rev. Stat. ch. 95, § 15.

If the purchaser of an equity of redemption take an assignment of the mortgage, both estates may stand, though united in the same person.   When substantial justice may be promoted, the mortgage will be upheld, or not, according to his intention or his interest.   For mergers are not favored in courts of law or in courts of equity.   *Campbell* v. *Knights*, 24 Maine, 332; *Holden* v. *Pike*, 24 Maine, 427; *Gibson* v. *Crehore*, 3 Pick. 475; *Eaton* v. *Simonds*, 14 Pick. 98; *Forbes* v. *Moffatt*, 18 Ves. 390; *Lord Compton* v. *Oxenden*, 2 Ves. 264; *James* v. *Morey*, 2 Cowen, 294, opinion of Sutherland, J.

In the case at bar, it is for the interest of the purchaser of the equity of redemption, and of those claiming under him, that the mortgage should be upheld against the incumbrance of dower.   It would not comport with just principles of law or equity, that, after uniting with her husband, and releasing her right, the plaintiff should have dower in that estate.   But she is entitled to dower in the equity of redemption, to which her release, and the subsequent conveyance by her husband present no bar; and she can, therefore, redeem the estate.

According to the agreement of the parties a master will be appointed to ascertain the value of her estate in gross, and the annual value.   As she must keep down one third of the interest on the amount due upon the mortgage, the yearly value of her estate will be found by deducting from one third of the net annual income of the whole estate, one third of the annual interest on the amount of the mortgage debt due.

The master will ascertain the value of the net, annual income of the whole estate ; the amount due upon the mortgage at the date of the demand of dower, and the probable duration of the life of the complainant.   From these elements the required results may be readily determined.   The sum to be paid to her, for the release of her estate, will be the present worth of an annuity during her life, equal to the net annual value of such estate.   *Carll* v. *Butman*, 7 Maine, 102; *Rus-*

*sell* v. *Austin,* 1 Paige, 192 ; *House* v. *House,* 10 Paige, 158 ; *Bell* v. *Mayor of New York,* 10 Paige, 62.

All further orders and decrees are suspended, until the coming in of the master's report.