The E. G. Blakslee Manufacturing Company, Respondent, *v.* The E. G. Blakslee's Sons Iron Works, Appellant.

The power to convey lands under water of navigable waters conferred upon the commissioners of the land office (1 R. S. 208, § 67, as amended by chap. 283, Laws of 1850) only authorizes a conveyance to the owners of the adjoining upland; the right or privilege to apply for and receive the conveyance is appurtenant to the upland and vests in the owner thereof and can never exist severed from such ownership.

Where, therefore, the owner of upland on the Hudson river conveyed the same by deed containing an exception of all the water rights and privileges in the river appertaining to the premises, *held,* that the exception was wholly ineffectual as such, or as precluding a subsequent owner of the upland from claiming title to the land under water under a patent from the state issued to it as such owner.

A patent from the state is not assailable collaterally, unless void on its face.

The declaration in the act of 1850 (Chap. 283) that a grant of land under water made to any person other than the owner of the upland shall be void, is to be construed as subject to the settled rule that where evidence *de hors* the patent is requisite to establish its invalidity, it can be avoided only in a direct proceeding to review the action of the commissioners, or by action in equity to vacate the patent.

Reported below, 59 Hun, 209.

(Argued October 23, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 12, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit without a jury.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Francis Larkin* for appellant. The Jones and Weatherby lot conveyed by Phebe M. Bunting to the plaintiff never had any riparian rights. (*People ex rel. v. Jones*, 112 N. Y. 597; 39 N. Y. S. R. 642; *Beach* v. *Mayor, etc.*, 45 How. Pr. 357; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 114 N. Y. 423; *K. I. Co.* v. *Shultz*, 116 id. 382.) The grant of land under water to plaintiff is void upon its face. (1 R. S. [7th ed.] 573, § 67; *People* v. *Schermerhorn*, 19 Barb. 540; *K. I. Co.* v. *Shultz*, 116 id. 382.) In an action of ejectment, the plaintiff must depend for success on the strength of his own title only, and in no case on the weakness of his opponent's. (*Finelite* v. *Sinnott*, 24 N. Y. S. R. 28.)

*Alfred Taylor* for respondent. Ejectment is the proper remedy. (*C. & S. L. R. R. Co.* v. *Valentine*, 19 Barb. 484.) The plaintiff having proved its title from the state and the *locus in quo*, was entitled to judgment, and defendant's motion to dismiss the complaint was properly denied. (2 Wait's Act. & Def. 13; *Brady* v. *Begun*, 36 Barb. 533; *Rockwell* v. *Brown*, 54 N. Y. 210.) The alleged title of defendant is void. No title whatever vested in defendant. (*People* v. *N. Y. & S. I. F. Co.*, 68 N. Y. 71; *Gould* v. *H. R. R. R. Co.*, 6 id. 522.) Plaintiff's title to upland adjacent to the grant

cannot be tried in this case for the purpose of attacking the grant collaterally.    (*People ex rel.* v. *Jones*, 112 N. Y. 607 ; 3 Wait's Act. & Def. 17, 117 ; 8 id. 241.)  · The patent is conclusive until set aside by certiorari or other direct proceedings, as by bill in equity for fraud or other legal reason, and in a direct proceeding for that purpose. (Sedg. on Titles, § 887 ; *Erhardt* v. *Hogaboom*, 115 U. S. 67 ; *French* v. *Ryan*, 93 id. 169 ; *Johnson* v. *Towsley*, 13 Wall. 83 ; *Steel* v. *S. Co.*, 106 U. S. 447 ; *Brady* v. *Begun*, 36 Barb. 553 ; *Gould* v. *H. R. R. R. Co.*, 6 N. Y. 522 ; *State* v. *Newark*, 40 N. J. L. 92 ; *Blanchard* v. *Powers*, 42 Mich. 619 ; *A. Bank* v. *Dawson*, 13 La. Ann. 497 ; *S. Co.* v. *Kemp*, 104 U. S. 636.) No exception to the refusal of the court was taken or filed. Without exception, no question is raised for review in this court.  (*S. O. Co.* v. *A. Ins. Co.*, 79 N. Y. 506.)

Andrews, J.   The land in controversy was formerly land under water of the Hudson river, embraced in a patent from the state issued to the plaintiff on the 18th day of March, 1889, pursuant to a resolution of the commissioners of the land office under the provisions of the Revised Statutes (1 R. S. 208, § 67), as amended by chapter 283 of the Laws of 1850.

The defendant claims title to the *locus in quo*, under certain mesne conveyances from Reuben Quimby. The defendant also sets up as a defense an outstanding title to a portion of the premises in controversy in one Elijah Hunter and his grantees under a patent from the state, of lands under water, issued February 22, 1787, and there is no question that this constituted a paramount title to that acquired by the plaintiff under its subsequent patent, as to any portion of the premises claimed, which may have been embraced in the Hunter grant. The difficulty which the defendant encounters in sustaining this latter claim is, the finding of fact by the court that the Hunter grant did not include any part of the premises in controversy, which finding is supported by evidence. The defendant to sustain his contention that the Hunter grant included a part of the premises in question, relies upon the evidence of a sur-

veyor who, in locating the Hunter patent, assumed as a starting point an ancient and well known monument known as the " point of rocks," and assuming this starting point to be correct, it would appear that a part of the premises in controversy was within the boundaries of the Hunter patent. But that patent describes the land conveyed thereby as land under water of the Hudson river, adjacent or opposite to his (Hunter's) land or farm, at Greenfield Landing, in the county of Westchester, beginning " at a certain stake at high-water mark at the said Greenfield Landing." It is clearly shown that Hunter's farm lay wholly south of the Sing kill, and that no part of the premises in controversy was adjacent to the upland of the Hunter farm; that Hunter never occupied any part of the premises in question; that he and his grantees erected wharves and buildings upon the land under water in front of his farm, but not upon the part now claimed to have been within his grant, and finally the evidence warranted the judge in rejecting the starting point of the Hunter grant, fixed by the witnesses for the defendant, and in determining as a question of fact that the lines of the grant were wholly south of the premises in controversy. This disposes of the defense based upon the Hunter patent.

Other questions remain to be considered. Reuben Quimby on the 15th day of May, 1853, conveyed to William H. Gregory and Seth H. Mead a lot north of the Sing kill and on the west side of Water street in the village of Sing Sing, described as extending westerly from Water street to the lands of the Hudson River Railroad, and following the granting clause in the deed are the following words : " Excepting and reserving to the said Reuben Quimby, his heirs and assigns, all the water rights and privileges and all the water grants and rights in the Hudson river west of the said railroad, which now or may hereafter appertain or belong to the above-described premises, the same and in the same manner as if these presents had not been given." The plaintiff has succeeded to this title under deeds containing a similar exception, and is also the owner of adjacent lands on the north of the Gregory and Smith lot.

The patent of 1889 assumed that the land then owned by the plaintiff embraced in the Gregory and Smith deed and the adjoining land on the north, which it acquired from other persons, was upland and made the plaintiff an upland owner, entitled under the statute to the conveyance of the land under water in front of its premises. The description in the patent commences : " All that certain piece or parcel of land under the water of the Hudson river in front of and adjacent to upland of said E. G. Blackslee Manufacturing Company, in, etc., described as follows."

The title claimed by the defendant originated in 1854, subsequent to the deed of Gregory to Smith, in a mortgage from Quimby (the grantor in that deed), mortgaging certain upland south of and contiguous to the Gregory and Smith lot to one Curtis, which mortgage also purported to mortgage the land under water lying in front of the Gregory and Smith lot. It seems to be very clear as a legal proposition that the exception in the Gregory and Smith deed was wholly ineffectual, either as a reservation to Quimby, the grantor, of any property right or interest in the lands under water in front of the premises conveyed, or as precluding the plaintiff as the owner of the upland from subsequently claiming such lands under water, under the patent from the state. The state at the time of the execution of the deed to Gregory and Smith was the owner in fee of the lands under water in front of the premises conveyed by that deed. (*People* v. *N. Y. & S. I. Ferry Co.*, 68 N. Y. 71.) Quimby had no title thereto and could convey none. While he owned the upland he might have applied for a grant, but when he sold it he was no longer in a position entitling him to make such application, and neither he nor his grantees could assert any claim by reason of the attempted exception or reservation in the deed. The power conferred on the commissioners of the land office only authorizes a conveyance of lands under water to be made to the owners of the upland. The right or privilege conferred by the statute is appurtenant to the upland and vests in the owner thereof, and it never can exist severed from such owner-

ship. The title set up by the defendant under mesne conveyance from Quimby of the lands under water in front of the Gregory and Smith lot cannot, therefore, prevail.

But the defendant attacks the plaintiff's title under the patent on the grounds, *first*, that in fact the land embraced in the conveyance from Quimby to Gregory and Smith was not upland, but was originally below high-water mark, and that consequently the patent of 1889 was void as not having been made to the owners of adjacent upland; and *second*, that if the plaintiff was, as to the lands owned by it an upland owner, still the lands under water embraced in the patent were not wholly in front of the premises owned by the plaintiff and that a part of the lands in controversy, and for which a recovery has been had, are outside of the limits to which the commissioners were confined. It is a conclusive answer to both of these contentions that a patent from the state is not assailable collaterally unless void on its face. The declaration in the statute of 1850 that a grant made to any person other than the owner of the upland " shall be void," is to be construed as subject to the settled rule that where evidence *de hors* the patent is requisite to establish its invalidity, it can be avoided only in a direct proceeding to review the action of the commissioners, or by action in equity to vacate the patent. This principle has been established by a long line of authorities and further elaboration would be useless. (*Jackson* v. *Lawton*, 10 Jo. 23; *People* v. *Mauran*, 5 Den. 389; *People ex rel. Burnham* v. *Jones*, 112 N. Y. 598; *Ehrhardt* v. *Hogaboom*, 115 U. S. 67; *Johnson* v. *Towsley*, 13 Wall. 83; *French* v. *Fyan*, 93 U. S. 169; *Steel* v. *Smelting Co.*, 106 id. 447.)

The patent of 1889 is valid on its face and affirmatively purports to have been executed to the owner of the upland. Whether this was, in fact, true cannot be litigated in this action.

We find no error in the judgment and it should, therefore, be affirmed.

All concur.

Judgment affirmed.