KATHERINE E. RAND, *as Executrix of the last will and testament of Joan H. Rand, deceased,* v. THE FORT SCOTT, WICHITA & WESTERN RAILWAY COMPANY.

1. RAILROAD RIGHT-OF-WAY — *Rights of Mortgagor in Possession.* For all the purposes of appropriating a right-of-way for a railroad through mortgaged premises, the mortgagor in possession is to be regarded as the owner, and the mortgagee not.

2. EASEMENT — *Merger in Deed.* Under the circumstances of this particular case, an easement procured by a railroad company through mortgaged land is not merged in a warranty deed from mortgagor and wife to the railroad company subsequently executed and delivered.

*Error from McPherson District Court.*

ACTION to foreclose a mortgage. Judgment for the defendant *Railway Company,* at the January term, 1889. Plaintiff, *Rand,* comes to this court. The opinion states the facts.

*Owen A. Bassett,* for plaintiff in error:

The railroad company abandoned its proceedings for the condemnation of the right-of-way across the Sterling property. By this abandonment and the acceptance of this deed of general warranty, it took its title subject to the plaintiff's lien under her mortgage. In this conveyance John Sterling and Eliza M. Sterling covenanted and agreed that they were the lawful owners of the premises granted, and seized of a good and indefeasible estate therein, free and clear of all incumbrances, and the railroad company, by the acceptance of this deed, is bound by its recitations; the grantors and the grantee are privies to the contract, and the grantor, on failure of any covenant, has recourse on his grantee.

It was the duty of the commissioners to take notice of mortgagee's interest. The word "owner" must apply to the mortgagee, and the word "land" and the phrases "real estate" and "real property" include lands, tenements, hereditaments,

and all rights thereto and interest therein, equitable as well as legal. Gen. Stat. of 1889, ¶ 6687. If the mortgagee has no claim to ownership, and if the commissioners were not required to make any report of the mortgagee's interest, or to take notice of the same, then the mortgagee is without remedy except by an action at law by bringing an action against the owners and depositee for the sum awarded as damages, which is in itself abhorrent to the law and to the intelligent mind.

In support of the rule that the mortgagee is entitled to payment, the following cases are cited: 67 Me. 358; 112 Ill. 379; 109 Ind. 411; 56 Iowa, 422; 44 N.Y. 192; 55 Vt. 207; 57 Wis. 311; and that the railroad company's remedy is to redeem, see 28 N. J. Eq. 450; 14 Am. Rly. Rep. 202; 22 Wis. 581; 20 Barb. (N. Y.) 419. See, also, *Severin v. Cole*, 38 Iowa, 463, and cases therein cited.

*J. H. Richards,* for defendant in error; *C. E. Benton,* and *M. P. Simpson,* of counsel:

The case of *Goodrich v. Comm'rs of Atchison Co.*, 47 Kas. 356, seems to dispose of every question raised in this case. Under the logic of this decision, the mortgagee out of possession, in Kansas, has absolutely no right to a place or hearing in a condemnation proceeding; and much less has he a right to call in question the validity of such proceeding in a mere collateral suit, as in the case at bar; and less still where, as in this case, notice was given to all whom it concerned, as provided by law, and he defaulted for appearance or answer to either the original condemnation proceeding or appeal therefrom.

As to the contention that, by reason of the merger of the less into the greater estate, and abandonment of condemnation by the company, the condemnation and its effects were nullified: When a greater and less estate meet and coincide in one and the same person, in one and the same right, without any intermediate, there may be merger, though not necessarily. Boone, Real Prop., §§ 37, 235, and cases cited. In equity,

the question of merger depends in each case upon the interest and intent of the parties, and the demands of substantial justice. But there will be no merger of the two estates in any case if it be to the interest of the owner to keep them distinct. *Payne v. Wilson*, 74 N. Y. 348; *Dunphy v. Riddle*, 86 Ill. 22.

So that though there should have been in this case a technical merger in the abstract, yet it does not necessarily follow that there was an intentional merger "in the interest of the parties." Upon the contrary, the facts show that there was no intentional merger, if, indeed, the elements of a merger can be found at all.

Opinion by SIMPSON, C.: This is an action by Rand against Sterling and wife and the St. Louis, Fort Scott & Wichita Railway Company, to obtain a judgment for balance due on a promissory note, and to foreclose a mortgage securing said note on certain lots in Castle's addition to the city of McPherson. It appearing that the St. Louis, Fort Scott & Wichita Railway Company had sold all its franchises to the Fort Scott, Wichita & Western Railway Company, the latter corporation was made a party, and filed an answer alleging that in September, 1886, the St. Louis, Fort Scott & Wichita Company condemned the right-of-way across the mortgaged lots, and paid the condemnation money as required by law, and immediately thereafter constructed and operated its line of road; that in October, 1887, it purchased from John Sterling and wife, who conveyed by warranty deed, the fee to the right-of-way referred to. The case was tried on the issues joined between the plaintiff in error and the St. Louis, Fort Scott & Western Railway Company, and the trial court found for the defendant, that it was the owner of the right-of-way across said lots, being a part of the mortgaged premises. Judgment was entered barring the plaintiff in error, or any purchaser under the foreclosure proceedings, from any interest in said right-of-way across the lots. The mortgagee brings the case here for review.

The principal reasons given for reversal are, that the con-
demnation proceedings are invalid; that the mortgagee is an
owner within the meaning of the provisions respecting con-
demnation, and that damages should be assessed upon his
interest in the land as an owner; that the condemnation pro-
ceedings were abandoned and the railroad company took a
warranty deed from Sterling and wife, and that this title was
necessarily subject to the mortgage.   The history of the con-
demnation proceedings is as follows: The St. Louis, Fort
Scott & Wichita Railway Company presented a petition to the
judge of the district court for the appointment of commis-
sioners to lay off its right-of-way for the proposed railroad
through McPherson county, and on June 25, 1886, the judge
appointed commissioners.   These commissioners were sworn
to honestly and faithfully discharge their duties and give no-
tice "to whom it may concern" of the time and place of their
first meeting, when they would commence to lay off the right-
of-way of the proposed railroad.   Proof of the publication
of this notice is shown.   The report of the commissioners
shows that they met at the time and place stated in the no-
tice and proceeded with their duties, adjourning from time to
time until Saturday, October 9, 1886, and on the day last
mentioned the commissioners say, "We, the commissioners
met according to the adjournment of the previous day, and
fully completed our duties as such commissioners in the con-
demnation of right-of-way, from the south line of section 31,
township 21, range 1 west, to a point on the east line of sec-
tion 30, township 19 south, of range 3 west," and then ad-
journed to meet at McPherson October 25, 1886.   The report
filed by the commissioners awarded John Sterling the sum of
$1,000, and contained this marginal note: "The total award
of $1,000 to John Sterling being an error, we, the commis-
sioners, have awarded him an additional $1,000, and caused
the same to be placed on our supplemental report filed Octo-
ber 26, 1886, making total award on Nos. 62, 63, 64, of
$2,000."   Of the award, $1,000 was paid to the county treas-

urer. Sterling appealed from the award to the district court, and subsequently the railway company paid him $1,200, and Sterling received the $1,000 that had been deposited with the county treasurer and dismissed his appeal, and then Sterling and wife executed a deed to the railway company for the right-of-way.

I. Whatever may be said about the marginal note of the right-of-way commissioners and their subsequent failure to file a supplemental report, it is very clear that the award of $1,000 (this sum having been deposited with the county treasurer) is a valid one. The validity of the award is established by the fact that Sterling appealed to the district court, in addition to the regularity of the proceedings so far as the original report is concerned. It cannot be claimed that the commissioners acted without jurisdiction. At most, the award was irregular, but not void. Any previous irregularity not jurisdictional was cured by the appeal.

II. The claim that the mortgagee is an owner within the meaning of the statutes regulating condemnation proceedings has been adjudicated against this view by this court in the very recent case of *Goodrich v. Comm'rs of Atchison Co.*, 47 Kas. 355, wherein it is expressly held that the mortgagor in possession is the owner within the meaning of our statutes. The resulting logic of that case is, that after the condemnation money is deposited with the county treasurer, and possibly before, the mortgagee may take legal steps to protect his interest in the fund created out of the land subject to his mortgage.

III. It may well be doubted whether the plaintiff in error can challenge the regularity of the condemnation proceedings in this collateral way. If the amount of land appropriated was so large as to impair his security, or if for any other reason his interests were endangered, even under these circumstances he could not intervene in the proceedings themselves, but must enforce his rights by proceedings to have all or a part of the damages awarded held and finally appropriated to

the satisfaction of his mortgage lien.    It would seem, there-
fore, that in this collateral way he has no right to attack even
the regularity of the condemnation proceedings.    Of course,
if they are absolutely void another question arises.

IV.  The claim of the plaintiff in error, that if the con-
demnation proceedings are valid they were merged in the war-
ranty deed made by Sterling and wife to the railroad company,
cannot be sustained.    Mergers are not favored, either in
courts of law or equity. (*Simonton v. Gray*, 34 Me. 50.)    As
a rule, at law, when a greater and a lesser, or a legal and equi-
table estate coincide in the same person, the lesser merges in
the greater or becomes annihilated.    But this rule is not in-
flexible in equity; whether or not the merger takes place
depends upon the intention of the parties and a variety of
other circumstances.    Equity will permit or prevent a merger,
as will best subserve the purposes of justice and the actual
and just intention of the parties.    Applying these well-
settled rules to the facts recited in this record, and having in
mind the conduct and intention of the parties, we think it
would be grossly inequitable to hold that the easement re-
sulting from the condemnation proceedings was merged in
the estate created by the deed from Sterling and wife to the
railroad company, for the reason that we have already held,
in accordance with adjudicated cases, that the interest lien or
right to damages of the mortgagee is transferred from the
condemned right-of-way to the fund deposited with the
county treasurer; and to now hold that the easement is
merged in the deed is to restore to the mortgagee his right to
enforce his lien against the strip of land condemned for a
right-of-way.    This would violate legal rights, and outrage
all equitable considerations.    Merger is very largely a ques-
tion of intention, and the court will always presume against
it whenever it will operate to the disadvantage of a party.
(*Andrus v. Vreeland*, 29 N. J. Eq. 394, and authorities cited
in that case.)

This disposition of the more important and controlling

questions leaves little else to be said. We are satisfied that the judgment rendered below gives substantial justice, and recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.