BARTLETT, J.
On May 1, 1878, the defendant, together with one W. A. Eobbins, since deceased, made and delivered to Henry A. Gowdey, the plaintiff’s testator, a promissory note, whereby they promised to pay $1,000 one year from that date to the order of the said Henry A. Gowdey, with interest at the rate of six per cent This suit was brought to recover the principal and interest due upon that instrument. The defendant admits the execution and delivery of the note sued upon, but claims to have paid $950 of the principal and all of the interest except $24. He was successful in making out this defense to the satisfaction of the jury, who rendered a verdict against him only for the amount which he conceded to be due, $74. To sustain the plea of payment, and also by way of counterclaim and set-off, the defendant relied upon a promissory note for $950, in which Henry A. Gowdey appears as maker and^-the defendant appears as payee. It bears, date on April 2, 1886, and is payable by its terms one day thereafter. After it had been produced and put in evidence, the-plaintiff admitted that the defendant was entitled to an offset of $150; and, although the -facts are not brought out very clearly on the record, it is manifest from the briefs and from the oral argument before us that the- point upon which the case turned was the-question whether this note, since its execution, had not been altered in date from 1885 to 1886, and in amount from $150 to $950. The learned- trial judge told the jury that there was no evidence it ever was altered, except such as appeared upon the face of the paper, and in this I am inclined to think he was right; but it seems to me he erred in adding, as he did, near the close of his charge, the following statement in respect to the burden of proof concerning the alterations in the instrument.
. ‘‘The defendant has produced a paper which, on the face of it, is a defense to this suit; and the duty of explaining it by showing *762 that it is something else rests with the plaintiff in this suit. The plaintiff assumes the burden of showing that that note is other than whas it purports to be, or than what the defendant says it is.”
The note in question has been produced upon the argument of the present appeal for our inspection, and it certainly bears marks indicating that it may have been altered from the form in which it was first written. The body of the paper—all but the signature -—is in the handwriting of the defendant, who has had possession of it always, and who would benefit by the changes which are alleged to have been made in the date and amount. Under such •circumstances, I understand the rule in this state to be that the burden of explaining that apparent alterations in the instrument is upon the party producing the paper. Tillou v. Insurance Co., 7 Barb. 565; O’Donnell v. Harmon, 3 Daly, 424. In the case at bar, the proper instruction to the jury would have been that if, from the appearance of the paper, they believed it had been .altered as alleged, then the burden was upon the defendant of ¡showing that the alteration had been made before the note was signed. No exception, however, was taken to the portion of the •charge which I have quoted, nor-did the counsel for the appellant make any request for a different instruction on the subject, which would have called the attention of the trial judge directly and -distinctly to the point,- and doubtless have led to a correction of the charge in that respect. But, even in the absence of an exception, I think we ought to grant a new trial under the usual cir-•circumstances presented here, where the rule laid down by the court as to the burden of proof may well have had a controlling influence upon the verdict.
The judgment should be reversed, and a new trial granted.
All concur.