(7 App. Div. 372)

### DUCKWITZ v. FULLER.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

CONTRACTS—INTERPRETATION.

> Defendant, after contracting with one B. for the purchase of land, entered into a contract with plaintiff referring to the contract with B., and providing that, on a resale of the land, plaintiff should have a certain portion of the amount realized in excess of the purchase price, and that in case the land should not be sold before a specified day, and defendant should take a deed from B., then defendant should give plaintiff a mortgage on the land for a certain sum. *Held,* that the contract between plaintiff and defendant did not require defendant to take a deed from B., and therefore the clause providing that defendant should give plaintiff a mortgage conferred no rights on plaintiff where defendant did not take a deed from B.

Appeal from circuit court, Niagara county.

Action by Ferdinand H. Duckwitz against Adaline H. Fuller for breach of contract. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

The cause was tried before the court without a jury. "No part of the evidence is inserted in the return, the decision being based on the pleadings only." The court found as conclusion of law as follows: "That the motion of the defendant to dismiss the complaint of the plaintiff herein upon the pleadings herein should be granted, and that judgment should be entered herein in favor of the defendant and against the plaintiff, dismissing the complaint of the plaintiff herein, upon the pleadings, with costs." Thereafter judgment was entered, from which the plaintiff appeals. No exception appears in the appeal book, taken upon the trial, or to the decision made by the trial court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Thayer & Jackson, for appellant.
Root, Orton & Baldwin, for respondent.

HARDIN, P. J. Inasmuch as no exception appears in the appeal book, the appellant is not in a situation to review any ruling made during the trial, or the decision made by the trial court. By the plaintiff's complaint it appears that one Fredericka Beitz on the 19th of May, 1892, entered into a contract with the defendant, Fuller, whereby she, in consideration of $500, and of certain other considerations mentioned in the contract, agreed to sell to the defendant, Fuller, a tract of land in the town of Wheatfield containing 50 acres of land, be the same more or less, which was de-

scribed (reserving out of the parcel described the lands owned by the New York Central & Hudson River Railroad Company), at the sum of $170 per acre, aggregating $8,500. A survey was to be made, and the amount of land was to be computed, and the payment therefor was to be made, viz. $500 down, $2,500 on or before the 1st of October, 1892, and the balance by executing a bond and mortgage bearing date the 1st of October, 1892, payable five years from date, with interest. The contract further provided that the second party was to deliver to the first party, with the bond, a mortgage with the same conditions of the bond, with—

"A clause requiring the party of the first part, upon request of the party of the second part, * * * to release from the lien of said mortgage any part or portion of the within-described premises (excepting the premises fronting on Sawyer's Creek road, upon which the buildings stand), upon the payment to the said parties of the first part of the sum of, and the rate of, $300 per acre."

The contract further provided that Beitz, on receiving $2,500 on or before the 1st of October, 1892, should execute and deliver to the party of the second part a good and sufficient warranty deed of conveyance, executed by herself and her husband, Wilhelm Beitz. The second party had the privilege of paying the $2,500 prior to October 1, 1892, and in that event the first parties were to deliver a deed, and receive the bond and mortgage payable five years from October 1, 1892. On the 19th day of May, 1892 (upon the same day that the defendant entered into the contract with Beitz), she entered into a contract with the plaintiff, reciting and referring to the contract made with Beitz, and also reciting, viz.:

"It is understood between the parties hereto that the said premises are to be disposed of to the best advantage, and that the said Ferdinand H. Duckwitz is to have from the excess realized therefor, above said purchase price of $170 per acre, the next thirty (30) dollars per acre, and that, if said premises shall realize more than two hundred seventy-five (275) dollars per acre, he shall also have one-half the excess realized above two hundred seventy-five (275) dollars per acre, for the consideration hereinafter recited."

The contract further provided that in consideration of one dollar—

"And the execution and delivery of the said land contract by the said Frederica Beitz to said Fuller, a copy of which is hereto annexed, and made a part of this agreement, and in consideration of the consent of said Duckwitz to the said contract, and to the said conveyance to the said Fuller, and in consideration of the release by said Duckwitz of all claim of interest in and to the premises in said annexed agreement described, excepting under this agreement, it is mutually agreed that the said premises shall be sold by the said Fuller for the best price and terms that can be obtained therefor, and that after payment for said land as by said contract with Beitz provided, including reimbursement to said Fuller, from the proceeds thereof, of the sum of three thousand dollars ($3,000) required to be paid on said Beitz contract prior to the delivery of the deed, that from the excess of cash received over such payment said Fuller shall pay to the said Duckwitz a one-third part of all such excess, up to the sum of, and until said Duckwitz shall have received the sum of, fifteen hundred dollars ($1,500); that, in addition thereto, if the said premises shall realize a sum greater than two hundred seventy-five dollars ($275) per acre, said Fuller shall pay to the said Duckwitz one-half of all the excess received over and above said $275 per acre, to wit, one-half of all such excess in cash and securities, so that the same shall be equally divided, share and share alike, and each receive a like payment of the cash or securities received, as the case may be."

It was further provided that that mortgage should be conditioned—

"That said Fuller shall pay to said Duckwitz the one-half of all moneys and securities, or either, in excess of $275.00 per acre, that shall be received on the sale of the premises, when sold by said Fuller."

Evidently the parties to this action, when they entered into the contract from which the quotations have just been made, contemplated an appreciation of the property, and that a rising market would afford an opportunity for carrying out the speculation they were contemplating. The words in the contract, "that in case the sale of the said premises shall not be made as hereby contemplated prior to October first, 1892, and said Fuller shall take a deed from said Beitz, and give back her purchase-money mortgage as by the said Beitz contract provided," evidently were used for the purpose of qualifying, and creating a condition precedent to, the agreement on the part of Fuller to give to Duckwitz, the plaintiff, a second mortgage to secure one-half of the contemplated profits of $3,000, to wit, the sum of $1,500. The agreement to give the $1,500 mortgage was conditioned that Fuller should take a deed from Beitz, made so by the use of the words, "in case the sale of the said premises shall not be made * * * prior to October first, 1892, and said Fuller shall then take a deed from said Beitz." It is not alleged, and it does not appear from anything found in the appeal book, that Fuller took a deed prior or subsequent to the 1st of October, 1892. By the complaint it appears that the defendant did not sell the land prior to the 1st of October, 1892, and that she has never received a deed from Beitz. Her obligation, therefore, to give a mortgage to the plaintiff, has never matured, according to the tenor of the stipulation with the plaintiff. It is not made apparent that the speculative option given to the plaintiff has matured, or that the condition mentioned in the contract of the defendant with the plaintiff was broken before the commencement of this action. Inasmuch as the two contracts apparently were made the same day, and relate to the same subject-matter, it is proper to refer to both of them, in giving construction to either of them. It is to be borne in mind that there was no absolute stipulation on the part of the defendant to sell the property at $290 per acre, nor is there anything in the contract to deprive the defendant of a discretion in respect to any offers that she might have, if reasonably exercised, in respect to the purchase of the land. Nothing is found in the contract between the defendant and the plaintiff obligating the defendant absolutely to fulfill her contract with Beitz. The construction and contention of the plaintiff ought not to prevail. The conclusion reached at the trial term seems to be more reasonable. The foregoing suggestions lead to an affirmance.

Judgment affirmed, with costs.

FOLLETT and ADAMS, JJ., concur.  WARD, J., not voting.