(19 App. Div. 505.)

## McMURRAY v. GAGE.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. EVIDENCE OF AGENCY.

An action on a note signed "G. Machine Works, by G., Manager," was brought against one M., who was alleged to be the principal for whom G. acted, and who was shown to have authorized G. to act as her agent in the business, by a certificate filed under Laws 1893, c. 708, some two years before the giving of the note. *Held*, that evidence that one K. was a partner of G. in carrying on the business of the G. Machine Works for about one year after the making of the certificate did not tend to show that G. did not act under the certificate as agent of M. Putnam, J., dissenting.

2. APPEAL.—OBJECTIONS NOT RAISED.

While a court of review may take notice of erroneous rulings although no exceptions have been taken, yet it is a power which will not ordinarily be used, and will only be resorted to when it is apparent that grave injustice has been done.

Appeal from trial term, Saratoga county.

Action by Clarence F. McMurray against Mary Jane Gage. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

J. W. Atkinson (James B. Egan, of counsel), for appellant.

Lansing & Holmes (John B. Holmes, of counsel), for respondent.

HERRICK, J. For some years prior to the commencement of this action there had been carried on in the village of Waterford a machine-manufacturing establishment known as the Gage Machine Works. The plaintiff from time to time sold goods to such establishment, and on the 12th day of December, 1895, in settlement of an account for goods sold and delivered, received a note reading as follows:

"$253.46.                                        Waterford, N. Y., Dec. 12, 1895.

"Two months after date we promise to pay to the order of C. F. McMurray two hundred and fifty-three $46/100 dollars, at the bank of D. Powers & Sons, Lansingburg, N. Y. Value received.          Gage Machine Works.

"John E. Gage, Manager."

It is apparent that it was not intended to be the personal note of John E. Gage, but that he was signing it for some one else, and the plaintiff is entitled to recover upon said note from whomsoever John E. Gage represented in that business. The plaintiff introduced in evidence a certificate, presumably filed pursuant to section 363a of chapter 708 of the Laws of 1893, subscribed and sworn to by the defendant, Mary Jane Gage, and John E. Gage, which sets forth as follows:

"That said Mary Jane Gage has this day commenced carrying on a general mercantile and manufacturing business, as hereinafter specified, within this state, and that said John E. Gage is conducting the same as manager thereof for said Mary Jane Gage; that the business being carried on is that of manufacturing, repairing, and dealing in machinery and supplies on King's Canal, in the town of Waterford, near the village of Waterford, Saratoga county, N. Y."

This instrument was subscribed and sworn to on the 26th day of September, 1893.

From the evidence in the case it appears that the business of the Gage Machine Works was that of manufacturing and dealing in machinery; that it was carried on in King's Canal, in the town of Waterford, near the village of Waterford, Saratoga county, N. Y.; that the person who had charge of such business was John E. Gage; that John E. Gage, the defendant's husband, was the only man of that name in that place, and the business of the Gage Machine Works was the only one of that kind (that is, the manufacturing and dealing in machinery) that was carried on in the town of Waterford. So that it would appear that this was the business that was authorized to be carried on by the defendant for her, and by her husband as her manager, as provided in the certificate, and that the note was given in the due course of said business. It needs no citation of authorities, I assume, to show that the delegation by her to her husband of authority to carry on the business for her as her manager authorizes him to do whatever is customarily done in the ordinary course of conducting the business she authorized him to do in her behalf, and that no specific authority is necessary to be given for each and every act done in said business.

There were some rulings made upon the trial which it is claimed were erroneous, and sufficient to warrant a reversal of the judgment. Evidence was received that at the time of the making of this certificate, down to January, 1895, one Robert Kinnear was the partner of John E. Gage in carrying on the business of the Gage Machine Works. This evidence was, upon motion of the plaintiff, stricken out; it appearing that the account for which the note was given in settlement did not accrue until after January, 1895. I see no error in striking out this evidence that calls for a reversal of the judgment.

It is claimed that the evidence shows that John E. Gage did not take advantage of this certificate filed by himself and his wife, but that, on the contrary, he was then in business as a co-partner with Robert Kinnear, and continued so to be for a long time thereafter. I cannot agree with this contention. With this certificate unrevoked, I think it is rather to be presumed that, if he was engaged with Robert Kinnear in business, it was simply as the representative of his wife, as her manager. Whether in partnership or alone, the business carried on was precisely the kind of business that he and his wife both swore was to be conducted by him as her manager, and it was being conducted at the identical place specified in this certificate; and furthermore it is an undisputed fact that, at the time the note was given, Kinnear had ceased to be interested in the business, and Gage was carrying it on alone as manager for some one.

The defendant, on being sworn, was asked this question: "Q. Will you state whether or not your husband ever actually engaged in business under the authority which you gave him in 1893?" The question was objected to, and the objection sustained. The ruling, I think, was erroneous, but no exception was taken to it. While, under a number of decisions, it has been held that a court of review

may take notice of erroneous rulings although no exceptions have been taken, yet it is a power that will not ordinarily be used, and will only be resorted to when it is apparent that grave injustice has been done, and where it is necessary for the purpose of correcting an injustice that cannot otherwise be corrected. In this case, particularly, after considering the defendant's testimony, there is nothing that appears to me to go outside the general course of the court for the purpose of protecting the defendant. I do not see that any such injustice has been done as to call upon us to reverse this judgment for a ruling which the defendant's counsel did not except to. I am satisfied from the evidence that this business was being carried on for the benefit of the defendant and her husband, he conducting it as manager for her, and that the note was given in settlement of an account for goods furnished in the carrying on of such business, and that, therefore, the judgment should be affirmed, with costs. All concur, except PUTNAM, J., dissenting.

PUTNAM, J. (dissenting). I think the trial court erred in striking out the testimony showing that Kinnear and John E. Gage carried on the Gage Machine Works from a time prior to execution of the certificate by defendant until January, 1895. She was held liable because of the certificate. The evidence stricken out, that for about two years after she executed the paper the business was carried on by other parties, was competent and material on the issue raised as to whether or not the note in suit was her note. I therefore dissent.