(55 App. Div. 83.)

### HULL v. CRONK et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. APPEAL—EXCLUSION OF EVIDENCE—REVERSAL OF JUDGMENT—FAILURE TO EXCEPT—PURPOSE OF EVIDENCE.

In an action on a note secured by a mortgage, defendant pleaded a merger based on the undisputed facts that plaintiff, while owner of the note in suit, became the grantee of the property by conveyance from N., who had purchased it at foreclosure sale under a second mortgage; and the court excluded the question to plaintiff as to how much he paid N. for the property. *Held* that, in the absence of an exception to the ruling, or of a showing as to the purpose for which the evidence was offered, such exclusion did not warrant a reversal of the judgment, as barring testimony tending to rebut the presumption of a merger.

2. MORTGAGES—FORECLOSURE OF SECOND MORTGAGE—PURCHASE OF TITLE BY FIRST MORTGAGEE—MERGER.

Where the holder of a note secured by a first mortgage bought the property from one who purchased it at a foreclosure sale under a second mortgage, a finding of the court that the debt evidenced by the first mortgage note was merged in the title was proper.

Appeal from special term, Kings county.

Action by Calvin E. Hull against Adelbert D. Cronk and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Samuel M. Gardenhire, for appellant.
Irving W. Cole, for respondents.

JENKS, J. At the close of the trial each party moved for a direction of the verdict, and thus made the court the trior of facts. Therefore all the facts and the inferences necessary to support the judgment, or which could fairly have been derived from proofs given, are deemed to be found for the defendant. Bank v. Gerety, 153 N. Y. 413, 47 N. E. 793. If there is any evidence to sustain the findings, they are conclusive upon the parties. Reynolds v. Miller, 79 Hun, 113, 116, 29 N. Y. Supp. 405, affirmed on opinion below in 151 N. Y. 624, 45 N. E. 1134. The defendant pleaded a merger based upon the undisputed facts that while the plaintiff was the owner of the instrument now in suit he became the grantee of the

premises by conveyance from the purchaser at a foreclosure sale upon the second mortgage. In law, this worked what the courts term "irresistible merger," and in equity a "merger," save that the estates will be kept separate when such is the intention of the parties and justice requires it. Rand v. Railway Co., 50 Kan. 119, 31 Pac. 683, citing Andrus v. Vreeland, 29 N. J. Eq. 394, and authorities there cited, among which is Starr v. Ellis, 6 Johns. Ch. 393. See, too, Smith v. Roberts, 91 N. Y. 470, and cases cited; James v. Morey, 2 Cow. 246, especially 300, per Sutherland, J., and 302, adapting the rule of Grant, M. R., in Forbes v. Moffatt, 18 Ves. 389; Clements v. Griswold, 46 Hun, 377; Pom. Eq. Jur. 790. Pomeroy, in his Equity Jurisprudence, in laying down the rule, says:

"Under like circumstances, a merger will take place in equity where no intention to prevent it has been expressed, and none implied from the circumstances and intentions of the party, and a presumption in such case arises in favor of the merger;" citing authorities.

The presumption, then, was of merger, and was a sufficient basis for the decision. The appellant complains against an exclusion of testimony which he alleges was evidence of his intention not to have a merger. Only this excerpt from the record is called to our attention. The plaintiff on his redirect examination was put this question:

"Q. How much did you pay Mr. Noble [i. e. the purchaser at the second mortgage sale, and the grantor of the fee to the plaintiff] for that property? (Objected to as immaterial and irrelevant. Objection sustained.)"

The statement of the learned court upon the heels of the ruling is of no consequence.

There is no exception on the record. The appellate division undoubtedly has the power to reverse for errors not fortified by exceptions. Gowdey v. Robbins, 3 App. Div. 353, 38 N. Y. Supp. 280; Gillett v. Trustees, 77 Hun, 604, 28 N. Y. Supp. 1044; McMurray v. Gage, 19 App. Div. 505, 46 N. Y. Supp. 608; Kowalewska v. Railroad Co., 72 Hun, 615, 25 N. Y. Supp. 184; Howell v. Manwaring, 3 N. Y. St. Rep. 454, affirmed in 118 N. Y. 682, 23 N. E. 1147. In Gowdey v. Robbins, supra, the trial justice erred in stating the rule as to the burden of proof. No exception was taken, nor were any requests for a different instruction made. We held, per Willard Bartlett, J., that we—

"Ought to grant a new trial under the unusual circumstances presented here, where the rule laid down by the court as to the burden of proof may well have had a controlling influence upon the verdict."

In Gillett v. Trustees, supra, the theory of submission was wholly erroneous, in that an improper rule of damages was laid down. The court, per Putnam, J., said:

"When a case has been submitted at a circuit to a jury upon a theory which is wholly erroneous, the general term has power, and it is its duty, to grant a new trial because of the erroneous instruction, though an exception was not taken."

In McMurray v. Gage, supra, the court, per Herrick, J., said:

"Yet it is a power that will not ordinarily be exercised, and will only be resorted to when it is apparent that grave injustice has been done, and where

it is necessary for the purpose of correcting an injustice that cannot otherwise be corrected."

In Kowalewska v. Railroad Co., supra, the court, per Haight, J., said:

"But this power will only be exercised when it is apparent that grave injustice has been done."

In Howell v. Manwaring, supra, the court, per Barker, J., said:

"To justify this court in reversing a judgment for error in a ruling not excepted to, it must appear that injustice has been done to the defeated party upon the merits, as established by the proofs."

Multiplication of authorities but accentuates the rule. It does not appear for what purpose the testimony was offered. There is not the slightest indication on the record that the purpose now avowed was then in the mind of counsel. There is not a suggestion elsewhere in the record of any evidence introduced or of any testimony offered to establish the intention of the plaintiff. If the learned counsel had offered the testimony, even without statement or explanation, and had not apparently acquiesced in the ruling, but had protested by an exception, a different question would be presented here. It may well be that the value of the property was a fact relevant in arriving at the intention of the plaintiff as to a merger, and it has been held that under some circumstances price may tend to show value. In re Johnston, 144 N. Y. 564, 39 N. E. 643. But the most that can be said here is that we are asked, in the absence of any exception to the ruling, in the absence of any avowed purpose for the question, in the absence of any evidence or of any attempt to introduce testimony touching intention, to reverse this judgment for the reason that an answer to the question would have given evidence tending to establish a fact that might be relevant as one of the surrounding circumstances tending to prove intention. Assume that the question had been answered; then there would have been but before the court an isolated fact that is evidence tending perhaps to establish a fact that the court might have considered. But even then the record would have been bare of any other fact tending to show intention. And so, even if the question had been answered, the court would have had before it the merger in law and in equity shown by the act of the plaintiff, opposed to his testimony regarding the money he had paid for the conveyance. We would not have been justified in reversing this decision upon such evidence, either on the ground that it was not warranted by the evidence, or that it was contrary to the evidence or to the law.

It is further urged that the court erred in its finding of merger in fact and in law, in that the debt cannot be drowned. Thom. Mortg. § 363, says:

"And, where the mortgaged land and the mortgage both rest in the same person, the mortgage debt cannot thereafter be enforced against the mortgagor, though the land be at that time of less value than the amount of the debt."

Dickason v. Williams, 129 Mass. 182.

The judgment should be affirmed, with costs. All concur.