MIUSTER v. BEUOHOL.

(Supreme Court, Appellate Term. January 10, 1901.)

APPEAL—REVIEW—INSTRUCTIONS—REFUSAL—RECORD—PRESUMPTION.

Where requested instructions in favor of the defeated party were not only refused, but excluded from the record by the refusal of a request to have them noted by the stenographer, it cannot be assumed that they were but repetitions of instructions given, and the judgment should be reversed.

Appeal from city court of New York general term.

Action by Louis Cass Miuster against David J. Beuohol. From a judgment for plaintiff, affirmed by general term (66 N. Y. Supp. 493), defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Coudert Bros. (John P. Murray, of counsel), for appellant.
Wahle & Stone, for respondent.

PER CURIAM. The refusal of the trial justice to accept the additional requests submitted by counsel for the defendant, and especially the refusal of the court to have them noted by the stenographer when so requested by counsel, constitute a fatal error in the conduct of the trial requiring a reversal of the judgment. Chapman v. McCormaik, 86 N. Y. 479; O'Neil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84; Pfeffele v. Railroad Co., 34 Hun, 497. As the requests in question were improperly excluded from the record by the trial justice, and are, therefore, not before us, we cannot assume that they were but repetitions of the instructions given to the jury.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

---

SMITH v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. TRIAL—EVIDENCE—OBJECTION WITHOUT EXCEPTION—REVIEW.

A witness, who was not a physician, was asked the question, "You say he was a bright, sharp man before this accident?" which was objected to as leading, and calling for a conclusion, but no exception was taken thereto. The witness answered this and two other questions by the court in respect to the same point. Defendant moved to strike out all this matter, which motion was overruled, and exception taken. Held, that the court's ruling on the objection could not be reviewed, since no exception was taken thereto.

2. SAME—TESTIMONY—MOTION TO STRIKE OUT.

Where questions were objected to as leading, and calling for conclusions of the witness, but no exception was taken to the court's refusal to sustain the objection, the court's denial of a subsequent motion to strike out the answers thereto, to which ruling exception was properly taken, was not error, since the party's remedy was to ask an instruction that the jury disregard such evidence.

3. SAME—VERDICT NOT EXCESSIVE.

Plaintiff, a farmer, struck by a crossbar on defendant's car, became senseless and ill, and suffered great pain and dizziness, attended with

nausea and vomiting. He suffered great pain in the head throughout the summer, and was unable to work, or to go out into his fields to superintend his men, without a sunshade. He suffered like pain in a lesser degree during a following summer. *Held*, that a verdict for $1,054 was not excessive.

Appeal from trial term.

Action by Martin A. Smith against the Nassau Electric Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.
Philip Carpenter, for respondent.

JENKS, J. This is an appeal from a judgment entered on a verdict for $1,054 recovered by the plaintiff in his action for damages for personal injuries resulting from the negligence of the defendant, and from an order denying a new trial on the minutes. The appellant challenges the amount of the verdict as excessive, and a ruling of the learned trial justice upon the evidence as erroneous. Mrs. Judge, not a physician, called by the plaintiff, was asked by plaintiff's counsel: "Q. You say he was a bright, sharp man before this accident? (Objected to as leading, and as a conclusion of the witness.)" No exception appears upon the record. After an answer was made, followed by two further questions by the court to elicit the judgment of the witness upon the plaintiff's quickness or slowness of apprehension, both before and after the accident, which were answered by the witness, the learned counsel moved to strike out all of this matter, on the ground that it was merely the imaginary conclusion of the witness, and that it was incompetent and irrelevant. This the court virtually refused to do, and thereupon the counsel excepted. No exception was taken to the ruling upon the objection interposed to the question, which ruling was, in effect, that such objection was not well taken, inasmuch as the witness was permitted to answer. An exception is "a protest against the ruling of a court on a question of law. It is designed as a warning for the protection of the court, so that it may reconsider its action, and for the protection of the opposing counsel, so that he may consent to the reversal of the ruling." Sterrett v. Bank, 122 N. Y. 659, 25 N. E. 913. An objection which, when overruled, is not followed by an exception, serves neither purpose. It may well be deemed by court and opposing counsel that the second thoughts of counsel upon the objection have led him to acquiescence. The court and the opposing counsel may proceed without second thought by the court on the soundness of the ruling, or without consideration by the counsel of the policy of a consent to a reversal of the ruling. I think that the objection without exception does not warrant a review of the ruling in question. Duckwitz v. Fuller, 7 App. Div. 372, 40 N. Y. Supp. 965; Borley v. Manufacturing Co. (Sup.) 12 N. Y. Supp. 45, citing Briggs v. Waldron, 83 N. Y. 582; Abbey v. Ferris (Sup.) 9 N. Y. Supp. 597. While undoubtedly this court has power to review erroneous

rulings without exceptions thereto, yet the power will be exercised only where grave injustice has been done, which cannot otherwise be corrected. McMurray v. Gage, 19 App. Div. 505, 508, 46 N. Y. Supp. 608. So far as the protest of the learned counsel was expressed by his exception to the denial of the motion to strike out, suffice it to say that the refusal of the court was not error. His remedy was to ask an instruction to the jury to disregard it. Holmes v. Moffat, 120 N. Y. 159, 24 N. E. 275.

In June, 1898, as the plaintiff was boarding an open car of the defendant, a guard bar of wood, four inches wide, an inch thick, and about sixteen feet long, fell upon his head. He became senseless and ill, and suffered great pain and dizziness, attended with nausea and vomiting. He suffered from pain in the head throughout the summer of 1898, and could not go out in the sun except with the penalty of violent pain and dizziness. He was a farmer, and was forced to carry a sunshade into the fields when he superintended his men, and could not work himself. He testifies that he suffered like pain and discomfort and inability in the summer of 1899, but in a lesser degree. Testimony other than that objected to was given that tended to establish that his mental processes are not as quick and active as they were previous to the accident. I am not prepared to say that the verdict was so excessive as to call for the interference of this court. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except SEWELL, J., taking no part.