(68 App. Div. 171.)

## JUGHARDT v. REYNOLDS.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. VENDOR AND PURCHASER—CONTRACT OF SALE—AGREEMENT TO FURNISH DRY CELLAR—SUBSTITUTION OF GRANTEE—EFFECT.

Where plaintiff contracted to buy defendant's house, and afterwards desired to have his wife substituted as grantee, but refused to accept a conveyance at all unless defendant would guaranty him a water-tight cellar, which defendant did, after which plaintiff's wife accepted the conveyance, plaintiff had no cause of action for breach of the agreement as to the cellar.

2. SAME—WANT OF CONSIDERATION.

Plaintiff being legally bound to accept the conveyance, and his wife afterwards merely occupying his place under the contract, the agreement to furnish a water-tight cellar was without consideration.

Appeal from trial term, Kings county.

Action by William G. Jughardt, as administrator of Johanna H. E. Jughardt, deceased, against William H. Reynolds. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George W. Wingate, for appellant.
S. S. Whitehouse, for respondent.

GOODRICH, P. J. The complaint alleges the following facts: A contract was made between William G. Jughardt and the defendant, whereby the defendant agreed to sell and Jughardt to buy the premises 317 Sterling Place, Brooklyn, for $11,000, "in and by which agreement said defendant agreed that the brownstone dwelling which he, said defendant, was then building on said premises, should be

finished equal, if not superior, to a certain pattern house." There-after Jughardt "decided to have the deed * * * taken in the name of * * * his wife," to which the defendant agreed. The title was to be closed October 30, 1897. Prior to that date water ran into the cellar after every rain, of which fact Jughardt notified the defendant, and informed him that the building was not what the defendant had agreed to construct, and that the deed would not be accepted until the cellar was made water-tight; and the defendant further agreed that, if the purchase price was paid, and the deed accepted by Mrs. Jughardt, he "would guaranty that, if any water got into the cellar thereafter, he would attend to and fix it, and that he (said defendant) would guaranty to said Johanna H. Elizabeth Jughardt a perfectly dry cellar." In reliance upon this promise, Mrs. Jughardt paid the purchase money and took the deed. Since the delivery, water continued to come into the cellar after every rain, and the defendant, being informed thereof, promised to perform his contract to keep the water out of the cellar, and has bailed the water out, and put cement on the walls and in the rear yard, but has failed to exclude the water. By reason of such failure the premises have become wet and unwholesome. Mrs. Jughardt spent $100 in endeavoring to prevent water coming into the cellar, and sustained damage in the sum of $3,000. Mrs. Jughardt having died, the plaintiff was appointed administrator of her estate. As an individual he assigned to himself as administrator whatever claims he had arising out of the premises. The prayer was for judgment for $3,000. The defendant denied that, "in reliance upon this promise [that, if water got into the cellar, he would fix it and would guaranty a perfectly dry cellar] by said defendant, the purchase price stated in said contract was paid to him." He admitted that he had done some extra work, and had cemented the wall and yard. At the trial both parties moved for the direction of a verdict, and the court directed a verdict for the defendant. This requires only an examination of the record, in order to ascertain whether there is evidence sufficient to sustain the facts and inferences necessary to support the judgment. Hull v. Cronk, 55 App. Div. 83, 67 N. Y. Supp. 54. The defendant submitted a "proposed decision" containing a clause that the promise of the defendant alleged by the plaintiff to have been made at the time of taking the title was without consideration and void, and that it was "therefore unnecessary to determine the dispute between the defendant and the plaintiff as to whether such promise was made, or any other question of fact in the case." The court filed a memorandum as follows:

"I cannot change the minutes to this extent. Both sides moved for a direction of a verdict, and the minutes must show that I found that there was no evidence, or, indeed, claim, that the original contract was not complied with. There was no claim or dispute on that head, and the oral agreement was without consideration."

The plaintiff appeals from the judgment and order denying a new trial.

The plaintiff, as administrator, took nothing by the assignment from himself as an individual to the plaintiff as administrator. He

had no cause of action. We must therefore examine the record to ascertain simply whether Mrs. Jughardt had any cause of action which survived to her estate. There was evidence to support the finding that the defendant made an oral promise to Mrs. Jughardt and to her husband that he would guaranty to her a perfectly dry cellar, and the learned court evidently came to that conclusion. But he also found that this oral agreement was without consideration. In this conclusion, I think, he was correct. The original written contract contained no provision upon the subject, except that the house would be equal to, if not superior to, a pattern house. The promise upon which the plaintiff relies was made after the signing of the contract by which the liability of the defendant was created, and at the time of passing the title. Mrs. Jughardt had no other valid contract with the defendant. He was bound to take the title in accordance with the contract of sale, and any promise which the defendant made to him to guaranty a water-tight cellar was without any new consideration proceeding from him. The performance of an act which the party is under legal obligation to perform cannot constitute a consideration for a new contract. Vanderbilt v. Schreyer, 91 N. Y. 392; Robinson v. Jewett, 116 N. Y. 40, 22 N. E. 224. Mr. Jughardt testified that when the original contract was executed he told the defendant that he wanted to put the house in his wife's name; that he then paid $250 on account of the contract, and that when the title was closed he paid $1,000, the remainder of the cash payment named in the contract, and the deed was executed to the wife, she executing the mortgage for the remainder of the consideration expressed in the contract. I find no evidence of any new promise made to Mrs. Jughardt. Mr. Jughardt testified that the new promise was made to him. He nowhere testifies to any promise made to his wife. Even at the closing of the title he said:

"Before I allowed my wife to sign the papers, I asked Mr. Reynolds the same question over again,—if he would guaranty me a dry cellar; and he repeated the same thing over again that he had promised me in Sterling Place,—that he would guaranty me a perfectly dry cellar. * * * I told my wife she could sign the purchase papers, and I paid my own money."

When Mr. Jughardt directed the conveyance to his wife, he neither received from nor gave to her or the defendant any consideration therefor or for any new promise by the defendant to make a water-tight cellar, and when Mrs. Jughardt took the deed and executed the mortgage she gave the defendant no new consideration therefor, and did not agree to do anything other than what her husband was bound to do, and what she was bound to do by stepping into his place under the contract. The purchase money was the consideration, and the only consideration, which the defendant had agreed to accept as the consideration for the transfer of the title; and this is all that he received from either husband or wife. The husband could not transfer to the wife a right which he did not possess, and, as he was bound to carry out the contract, he gave no new consideration for any new promise, and had no right to enforce it. On the other hand, it is not in evidence that the defendant made any promise to Mrs. Jughardt, or that she gave the

defendant any new consideration for his alleged promise other than that provided for in the original contract, that is, a mortgage for the unpaid purchase money. The alleged promise was therefore without any consideration, and cannot be enforced.

The judgment and order should be affirmed, with costs.

HIRSCHBERG and JENKS, JJ., concur.

WILLARD BARTLETT, J. (concurring). The appellant seeks to spell out a consideration for the oral contract of guaranty upon the ground that the plaintiff, before and at the date fixed for closing the title, refused to allow his wife to complete the purchase because the original contract had not been complied with; and contends that the defendant procured him to consent to the completion of the purchase by agreeing to guaranty a dry cellar. There would be much force in this proposition were it not that the plaintiff joined with the defendant in asking the court to direct a verdict, thereby leaving to the trial judge the determination of whatever controverted questions of fact there might be in the case. One of these questions was whether any controversy actually did arise between the plaintiff and the defendant as to the fulfillment of the original contract. It appears by the decision of the learned trial judge that he decided this question adversely to the plaintiff. In refusing to alter the minutes, as requested by the plaintiff, after declaring that there was no evidence—or, indeed, claim—that the original contract was not complied with, the learned judge said, "There was no claim or dispute on that head." In view of this determination, I think the judgment must be affirmed.

WOODWARD, J., concurs.