AUGUSTUS HARTMAN, Respondent, *v.* TULLY PIPE LINE COMPANY,
Appellant.

*Trespass in laying a pipe in a highway — measure of damages.*

In an action brought to recover the damages resulting from injuries done to
plaintiff's property by reason of the laying of a pipe (through which a stream
of salt water was forced) in the highway opposite his land which extended,
subject to the public easement, to the middle of the highway, the difference
between the value of the property prior to the laying of the pipe and its value
as affected by the pipe line and the leakage therefrom at the time of the
commencement of the action is not the proper measure of damages.

APPEAL by the defendant, the Tully Pipe Line Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Onondaga on
the 22d day of March, 1892, after a trial at the Onondaga Circuit,
and from an order denying defendant's motion for a new trial,
entered in said clerk's office on the 15th day of March, 1892.

*William G. Tracy,* for the appellant.

*George H. Sears,* for the respondent.

PARKER, J.:

The defendant laid a line of pipe in the highway opposite plain-
tiff's lands, through which it forced a stream of salt water. The
plaintiff owned the fee of the land to the middle of the highway,
and such pipe was laid underground and upon his premises. It had
been maintained and used for some two years before the commence-
ment of this action, and was so laid without permission or right on
defendant's part. During such two years, it had leaked more or
less, and discharged salt water or brine through the earth over plain-
tiff's premises, thereby injuring his shade trees, his shrubbery, and
the annual products of his garden.

This action is brought to recover damages for the trespass so com-
mitted by the defendant. So far as the questions presented by this
appeal are concerned, it is conceded that the defendant is a tres-
passer, but it is claimed that an erroneous measure of damages was
adopted by the trial court, and for that reason a reversal of the
judgment is asked.

The plaintiff was allowed to testify, first, as to what was the value of the premises at the time the pipe was laid. After giving that value at $4,000 to $5,000, he was asked : "What were they worth at the time of the commencement of this action?" Such question evidently calls for their value with the pipe line as it then was, and the premises subjected to the constant leakage flowing therefrom. This evidence was allowed, under an objection and exception duly taken by the defendant. Evidently the court adopted an erroneous measure of damages. It proceeded upon the theory that such pipe line, and the constant leakage resulting therefrom, are to continue forever, and that, therefore, the plaintiff is to recover in this one action the total and permanent depreciation which it caused to the market value of his lands.

But such is not the condition of affairs. Notwithstanding his recovery in this action, he might bring others for injuries subsequently suffered. So he might enjoin the defendant from using such line to his injury, and, therefore, it is plain that only such injuries as he had suffered at the time this action was commenced, should be allowed in this action. The difference in the value of his premises, with and without the pipe line in use upon them, gives him much more than that, and clearly is greatly in excess of what his actual injury is. This question is thoroughly examined and settled in *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98), and a further citation of authorities is unnecessary.

We do not mean to decide that the loss in the rental value of the premises, prior to the commencement of this action, is the only damage for which the plaintiff can recover in this action. Thus, if the salt water actually destroyed trees, shrubbery, or anything else upon the premises, or so injured them that the plaintiff has suffered a permanent loss thereby, he may recover for the loss he had so suffered at the time of the commencement of this action, as well as for the injury sustained by the depreciation in its annual use. But, for the erroneous ruling above referred to, a new trial must be granted.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed on the exceptions and a new trial granted, with costs to abide the event.