(7 Misc. Rep. 452.)

### ECKENSBERGER v. AMEND.

(City Court of New York, General Term. March 9, 1894.)

NEGLIGENCE—EVIDENCE.

> In an action for personal injuries, it appeared by plaintiff's evidence that plaintiff, a child six years old, fell in the street, and was unable to get up; that, immediately after he fell, defendant's wagon came rapidly around the corner, about 60 feet distant, and ran over plaintiff, though the driver tried to stop. *Held*, that such evidence justified submitting to the jury the questions of negligence and contributory negligence.

Appeal from trial term.

Action by Heinrich Eckensberger against Bernard G. Amend to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Chas. C. Nadal, for appellant.

A. & C. Steckler, for respondent.

VAN WYCK, J. The plaintiff, a little boy six years old, sued to recover damages for serious and permanent injuries sustained by him from being negligently run over by a horse and wagon owned and controlled by defendant and driven by his servant. The appellant's contention is that the proof shows that the boy's injury was the result of a mere accident, not occasioned by any negligence of his driver, and that his motion for a nonsuit at the close of plaintiff's case should have been granted. He did not move for a dismissal, or for the direction of a verdict in his favor after he had closed his evidence and rested; and, if the proof was sufficient to carry the case to the jury, their verdict should not be disturbed. The plaintiff's proof shows that the accident occurred on the south side of Eleventh street, about 50 to 60 feet east of the corner of First avenue. That this is a tenement-house neighborhood, with tenement houses on one side of the street, and a cemetery on the other, and that there are not many wagons going through the street. That plaintiff resided with his parents, who had eight children, in one of these tenement houses of the neighborhood. That this boy, when he attempted to cross the street, slipped and fell from the sidewalk into the gutter of the street, and was unable to get up,

and then the wagon of the defendant turned around the corner, about 50 to 60 feet from where the boy was lying unable to get up, and kept on going after it turned, and ran over his head and shoulders. That when the wagon so turned, the driver was sitting upon his seat in front of the wagon, with his face towards the horse, looking ahead of him, and he tried to stop the horse, but he went too fast for him, and the horse jumped to one side; but the witness did not know whether the driver made him go to one side, or whether the horse went there himself, but he went to one side until he went over the boy. That the driver drove fast. He did not go slow. He went fast. He was going in a fast way. The horse was running a little too quick. The wagon came around the corner pretty quick, but the boy was down a long time before it came up to him, and if the driver had looked out he would not have run over him. The defendant's witness, Hendricks, whose business is trucking for himself for six years, says that this was a little delivery wagon. That a single horse and wagon can be stopped, when it is upon a fast trot, within 15 or 20 feet, but if the horse has a heavy load you can stop him in a shorter space. This proof certainly justified the submission to the jury of the question as to absence of contributory negligence on the part of the plaintiff, and the presence of negligence on the part of the defendant's driver in not arresting the progress of his horse, or turning him aside so as to avoid running over the prostrate boy, who "was unable to get up;" for if he saw him lying there when he was 50 to 60 feet away from him, it was negligent not to bring the horse to a standstill before he reached him, for it is in evidence, by defendant's own witness, that this little delivery wagon, drawn by one horse, could be stopped, when upon a fast trot, within 15 or 20 feet. It is true that the driver gives an entirely different version of the accident, and says that he was not any distance at all from the boy when he fell, but that he fell just behind the horse, and directly in front of the wheel of the wagon; and, of course, if this was so, the defendant would not be liable. But the jury repudiated this contention, and found for the plaintiff, and their verdict is not against the weight of evidence. There is no merit in defendant's exceptions, and the judgment and order are affirmed, with costs. All concur.