ASA GILLETT, Respondent, v. THE TRUSTEES OF THE VILLAGE OF KINDERHOOK, Appellant.

*Judgment reversed in the absence of exceptions — measure of damage for injury to real estate by flooding.*

Where a case has been submitted to the jury at a Circuit Court upon a theory which is wholly erroneous, the General Term has the power, and it is its duty, to grant a new trial because of such erroneous instruction, although no exception was taken thereto.

On the trial of an action brought against the trustees of a village to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's wrongful act in collecting and throwing on his premises the sewage and surface water from its streets, the rule of damages, as stated by the court, was the difference in value of the plaintiff's premises before the flooding and at the time of the trial.

*Held*, that such rule of damages was erroneous;

That the plaintiff was entitled to recover the loss in the rental value of his premises up to the time of the commencement of the action or the value of the hay destroyed, and that had it been made to appear that any permanent injury to the premises was occasioned by such flooding he could recover the damages resulting from such injury,

APPEAL by the defendant, The Trustees of the Village of Kinderhook, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 4th day of March, 1893, upon the verdict of a jury rendered on a trial at the Columbia Circuit, and also from an order entered in said clerk's office on the 23d day of August, 1893, denying the defendant's motion for a new trial made upon the minutes.

*J. Newton Fiero*, for the appellant.

*A. H. Farrar*, for the respondent.

PUTNAM, J.:

We are of opinion that on the testimony in this case the jury could properly have rendered a verdict for the plaintiff for whatever damage he was shown to have sustained by reason of defendant's wrongful act in collecting and throwing on his premises the sewage and surface water from its streets.

The principle decided in *Urquhart* v. *The City of Ogdensburg*

(91 N. Y. 67) does not apply to such a case as this.   The liability of the defendant is not so much on account of the grade of its streets and its sewers therein as of its negligent act in failing to provide a proper outlet for the discharge of the sewage.   The doctrine held in *Noonon* v. *City of Albany* (79 N. Y. 470); *Chapman* v. *City of Rochester* (110 id. 273); *Stoddard* v. *The Village of Saratoga Springs* (127 id. 261–268), and *Schriver* v. *The Village of Johnstown* (71 Hun, 232), applies to this case.   Without attempting to discuss the evidence, the jury could very well find *therefrom* a failure on the part of defendant to take proper measures to discharge the surface water and sewage from its streets into the creek.

But we have reluctantly come to the conclusion that a new trial should be granted, for the reason that during the trial and on the submission of the case to the jury an improper rule of damages was adopted.

In the court below no exceptions were taken by defendant which require discussion, and no objections appear to have been made to the rule of damages adopted.   There are cases, however, holding " When a case has been submitted at a Circuit to a jury upon a theory which is wholly erroneous, the. General Term has power and it is its duty to grant a new trial because of the erroneous instruction, though an exception was not taken."   ( *Whittaker* v. *D. & H. C. Co.*, 49 Hun, 400–405 ; *Mandeville* v. *Marvin*, 30 id. 282 ; *Lattimer* v. *Hill*, 8 id. 171, 172 ; *Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y. 25–27.)

The rule of damage adopted on the trial was the difference in value of the plaintiff's premises before the flooding and at the time of the trial.   It is true that there was.some evidence given showing the destruction in several years of a quantity of hay on the plaintiff's farm, in consequence of the same being flooded, but the evidence in this regard was not sufficient to sustain the verdict of the jury.   The case was evidently tried and submitted on the theory that plaintiff was entitled to recover the difference in value of his farm before it was flooded by defendant's sewer in 1884 and the value at the time of the trial.   This theory was clearly not correct. Plaintiff was entitled to recover the loss in the rental value of his premises up to the time of the commencement of the action.   Or he could have recovered the value of the hay destroyed, and had it

been made to appear that any permanent injury to the premises was occasioned by the flooding he could have recovered for that injury. As suggested in *Hartman* v. *Tully Pipe Line Co.* (71 Hun, 367, 368), the case was tried on the theory that the flooding of plaintiff's premises would last forever, and that, hence, plaintiff in this action could recover the total and permanent depreciation which it caused in the market value of his land. But the plaintiff, after collecting the judgment in this action, might commence another action against defendant and obtain a perpetual injunction. Or he could in a subsequent action recover damages since the date of the commencement of the first action. And if the rule of damages adopted on the trial was correct he could again recover in such subsequent action the same damages, the difference in value between the plaintiff's premises before being flooded and at the time of the trial.

It is evident that the rule of damages adopted on the trial was not the proper one. (*Hartman* v. *Tully Pipe Line Co.*, 71 Hun, 367; *Reichert* v. *Backenstross*, Id. 516; *Colrick* v. *Swinburne*, 105 N. Y. 503; *Duryea* v. *Mayor*, 26 Hun, 120; *Uline* v. *N. Y. C. & H. R. R. Co.*, 101 N. Y. 98–116; *Covert* v. *Valentine*, 50 N. Y. St. Repr. 516.)

It seems, therefore, that the Special Term should have granted defendant's motion for a new trial. The judgment was unsupported by any sufficient evidence. As above stated, it could not be sustained for the amount rendered, on the testimony produced by plaintiff showing the destruction of a quantity of hay in consequence of the premises being flooded, and the jury could not properly base a verdict on the testimony produced as to the difference in value between the plaintiff's farm in 1884 and at the time of the trial.

Judgment reversed, a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.

---

NOTE.— The rest of the cases of this term will be found in the next volume (78) Hun.— [REP.