(10 Misc. Rep. 145.)

## ECKENSBERGER v. AMEND.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. APPEAL—FROM GENERAL TERM OF CITY COURT—REVIEW OF EVIDENCE.
   On appeal from a judgment of affirmance by the general term of the city court to the common pleas, the evidence cannot be reviewed for the purpose of determining the preponderance.

2. SAME—OBJECTIONS NOT RAISED BELOW.
   Where there was no exception to the denial of a motion to dismiss the complaint or for direction of a verdict, the court of common pleas, on appeal from the city court, will assume that there was sufficient evidence to carry the case to the jury.

3. SAME—DENYING MOTION FOR NEW TRIAL.
   The court of common pleas will not review an order of the city court denying a motion for a new trial.

4. NEGLIGENCE—RUNNING DOWN PEDESTRIANS.
   Where plaintiff, while attempting to cross a street, was run over by defendant's wagon, it is error to refuse to charge that "if the view was obstructed, and the wagon in plain sight, it is evidence of negligence if plaintiff did not see it approaching," as pedestrians and drivers owe each other a duty to avoid an accident.

Appeal from city court, general term.

Action by Heinrich Eckensberger, Jr., an infant, by Heinrich Eckensberger, Sr., his guardian ad litem, against Bernard G. Amend, for personal injuries. From a judgment of the city court (27 N. Y. Supp. 941) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Charles C. Nadal, for appellant.

Alfred & Charles Steckler, for respondent.

BISCHOFF, J. The judgment of affirmance of the court below precludes examination into the evidence in this case for the purpose of determining the preponderance (Arnstein v. Haulenbeek, 16 Daly, 382, 11 N. Y. Supp. 701; Smith v. Prior, 16 Daly, 169, 9 N. Y. Supp. 636; Rowe v. Comley, 11 Daly, 318); and failing an exception to the denial of a motion for a dismissal of the complaint, or the direction of a verdict, made when all the proof was in, we must assume that there was sufficient evidence to carry the case to the jury, and to support the verdict (Barrett v. Railroad Co., 45 N. Y. 628; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952). No such motion having been made in the case at bar, the exception to the denial of appellant's motion for dismissal, made when the plaintiff rested, presents no ground for review, he having elected to submit the issues to the jury upon the whole evidence without objection. Sternwald v. Siegel (Com. Pl. N. Y.) 27 N. Y. Supp. 375; Barrett v. Railroad Co., 45 N. Y. 628, 632. The exception taken to the denial of the motion for a new trial is not available upon this appeal (Meyers v. Cohn, 4

Misc. Rep. 185, 23 N. Y. Supp. 996); and no appeal lies from the order denying such motion (Code Civ. Proc. § 3191; Pharo v. Beadleston, 2 Misc. Rep. 424, 21 N. Y. Supp. 989).

While we are thus concluded as to the facts relating to the accident in suit, yet the remaining exception in the case presents error which calls for a reversal of the judgment. This exception was taken to the refusal of the trial justice to charge that "if the view was unobstructed, and the wagon in plain sight, it is evidence of negligence if the plaintiff did not see it approaching." While the failure of a wayfarer, crossing a street, to look for approaching danger, is not actual negligence as a matter of law, as it would be in the case where the crossing of a railroad track is attempted, yet the rights and obligations of pedestrians and drivers are correlative, and each owes a duty to the other to avoid an accident. Reens v. Publishing Co. (handed down herewith) 30 N. Y. Supp. 913. The appellant was entitled to the charge as requested, leaving it to the jury to find how far the surrounding circumstances justified the plaintiff's failure to see the approaching wagon, which failure, unexplained by such circumstances, would certainly be evidence of a nonobservance of the duty owing from him to the driver of the vehicle. Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415. The refusal to so charge was, in effect, a ruling that all the duty of avoiding the accident in such a case was upon the defendant's servant, and it cannot be said that prejudice did not thereby result. According to the plaintiff's testimony, the wagon came around the corner, and then ran over him; but the defendant's driver testified, on the contrary, that he drove directly along the street, and was in plain view of the boy for a considerable space. While the jury may have believed the plaintiff's story in this regard, and so have found that the wagon could not have been seen by him in time to avoid the accident, yet, in view of the conflicting testimony noticed, the request did not involve an assumption of facts contrary to the evidence, and the ruling made is not to be otherwise justified.

Judgments of the general and trial terms below reversed, and a new trial ordered, with costs to abide the event. All concur.