PHILADELPHIA GRIFFITH, Respondent, *v.* STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, Appellant.

*Failure to move to dismiss a complaint — a concession that there is sufficient evidence to go to the jury.*

A failure to move to dismiss the complaint or for the direction of a verdict at the close of the testimony on both sides is a concession that there was then evidence sufficient to carry the case to the jury: in the face of such a concession an appellate tribunal cannot review the denial of a motion to set aside the verdict.

APPEAL by the defendant, the Staten Island Rapid Transit Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of March, 1895, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 12th day of March, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Tracy, Boardman & Platt,* for the appellant.

*Grout, De Fere & Mayer,* for the respondent.

PRATT, J.:

The only points made by appellant relate to the sufficiency of the evidence to prove freedom from negligence by plaintiff and the fact of negligence by itself. These points arise upon appellant's motion to dismiss the complaint when plaintiff rested, and the motion to set aside the verdict and for a new trial. There was no motion to dismiss at the close of the case nor was there any request for a direction. If plaintiff's evidence was insufficient on the question of her own or defendant's negligence, the point is not available, provided the case on all the evidence was for the jury. It seems to have been so regarded by defendant. Its failure to move to dismiss or for the direction of a verdict at the close of the testimony on both sides has been held to be a concession that there was then evidence sufficient to carry the case to the jury. (*Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 632.) This rule seems to make out a waiver of the exception for denial of the motion to dismiss, that is to say, it is a concession that the case was so changed since that motion was made that the case had come to be one for the jury. (Id. See, also, *Sternwald* v. *Siegel,* 57 N. Y. St. Repr. 491; *Eckensberger* v. *Amend,* 7 Misc. Rep. 452; S. C., on appeal, 10 id. 145.) With this concession before us we cannot review the denial of the motion to set aside the verdict. Even if it were otherwise, we think that, although the case was a close one on the questions of negligence, it was properly, as it certainly was fairly and carefully, submitted to the jury by the learned trial judge.

The order and judgment should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment and order affirmed, with costs.