(16 Misc. Rep. 355.)

### WILDER v. NEW YORK BANK-NOTE CO.

(Supreme Court, Appellate Term, First Department.    March 23, 1896.)

COUNTERCLAIM—REPLY.

In an action for legal services, the answer having alleged as a counterclaim the conversion by plaintiff of money collected, plaintiff may, under the general denial of his reply, show that by assent of defendant the money alleged to have been converted was applied to the extinguishment of a debt of defendant to plaintiff, independent of that embraced in the complaint, and, to justify the application, may properly show the services, and their value, out of which the debt arose.

Appeal from city court of New York, general term.

Action by William R. Wilder against the New York Bank-Note Company.    From a judgment of the general term (37 N. Y. Supp. 203) affirming a judgment of the trial term for plaintiff, defendant appeals.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lyon & Smith, for appellant.

Rudd & Hunt (F. E. Anderson, of counsel), for respondent.

McADAM, J. The action was to recover for services rendered by Rudd, Hunt & Wilder, the plaintiff's law firm, the cause of action having been assigned to him: The plaintiff claimed $417.05, as a balance due for professional services rendered the defendant between March 1, 1891, and the commencement of the action, in prosecuting and defending certain suits and proceedings, and in certain investigations and researches, and for advice in relation thereto, and disbursements incurred in connection therewith. The defendant interposed an answer denying various allegations of the complaint, and setting up a separate defense and two counterclaims for the conversion of certain moneys collected by the plaintiff's firm. The plaintiff, in reply, denied the conversion, and alleged that the moneys were accounted for to the defendant, as stated in the plaintiff's bill of particulars theretofore served on the defendant. In the bill of particulars the plaintiff states that the moneys said to have been converted were appropriated to the payment of certain other services rendered mainly in what is known as the "Rand Matter." The defendant objected to any evidence as to services in the Rand matter because the pleadings raised no issue in respect thereto; contending that the plaintiff could not, in his reply, set forth an independent cause of action, as to which it could not tender an issue, and that he should have amended his complaint by inserting that item in it, so that issue might have been joined thereon, if he intended to insist upon litigating the same. Cohn v. Husson, 66 How. Prac. 150; Hatfield v. Todd, 13 Civ. Proc. R. 265. As the defendant, in its counterclaims, had charged conversion of the moneys, the plaintiff, under the general denial contained in his reply, was authorized to put in evidence facts negativing the ownership or conversion alleged. Terry v. Munger, 49 Hun, 563, 2 N. Y. Supp. 349; Robinson v. Frost, 14 Barb., at page 541; Schoenrock v. Farley, 49 N. Y. Super. Ct. 302; Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388; Roemer v. Striker, 142 N. Y. 134, 36 N. E. 808. It was therefore competent for the plaintiff to show that by the assent of the defendant the moneys alleged to have been converted were absorbed by their application to the extinguishment of an independent debt, not embraced in the pleadings. This the plaintiff did, and nothing more. In order to justify the application of the money, it was proper to show the existence of the account on which it was applied, and this necessitated proof of the services and their value. That proof was made, and the appropriation of the moneys by the plaintiff was found by the jury to have been authorized. Hence there was no wrongful detention or conversion. Whether the services in the Rand matter were rendered to the defendant corporation, or to its president, Mr. Kendall, on his individual account, and whether the $400 alleged in the second counterclaim to have been converted was properly applied thereon, must, on the conflicting evidence, be deemed settled by the verdict in accordance with the plaintiff's theory. The jury, upon evidence sustaining their conclusion, found in favor of the plaintiff for $382.85, thereby awarding him $417.05, the balance claimed, less $72.85, the first counterclaim, allowed by

consent, which reduced the balance to $338.20; and this, with $44.65 interest, made up the sum found by them to be due.

As the question whether the agreement of June 19, 1891, permitting Kendall to fix the amount of fees to be charged, had been abrogated by one subsequently made, was submitted to the jury on conflicting evidence, and they found thereon adversely to the defendant, no comment thereon is necessary.

The defendant moved for a new trial on all the grounds specified in section 999 of the Code; and the order denying the application, together with the judgment, having been affirmed by the general term, we are precluded from reviewing the evidence to determine the preponderance.   Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915.

The case was fairly submitted to the jury, and, as there is no merit in the exceptions, the judgment must be affirmed, with costs. All concur.