(19 Misc. Rep. 500.)

## CHERWAT v. VOPELAK.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

PLEADING—VARIANCE—WAIVER.

The objection that there is a variance, because the complaint alleged that the slanderous words were spoken in English, while the evidence received without objection showed that they were spoken in Bohemian, is waived where defendant, after denial of his motion to dismiss at the close of plaintiff's case, litigated the question whether the words were spoken by defendant or by another, and did not move to dismiss, or for the direction of a verdict, at the close of the whole case.

Appeal from city court of New York, general term.

Action by Adolph Cherwat against Josef Vopelak to recover damages for slander. From judgment of the city court (42 N. Y. Supp. 235) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Miles Rosenbluth, for appellant.
Jacob Fromme, for respondent.

BISCHOFF, J. The appellant's argument for a reversal of the judgment is based upon but one exception, and by this the propriety, of the denial of the motion for a dismissal of the complaint, made when the plaintiff rested, is brought into question. The complaint alleged a cause of action for slander, and set forth the words claimed to have been used by the defendant in the presence of one Popisil and others, as follows:

"That Adolph Cherwat (meaning the plaintiff) failed in business to the extent of seven or eight thousand dollars (meaning that plaintiff had debts amounting to said sum), and that said Popisil would get money from said plaintiff, who had lots of it (meaning that plaintiff made a failure for the purpose of defrauding his creditors, and by so defrauding his creditors realized quite a sum of money), and in substance repeated that the plaintiff was guilty of larceny."

Upon the trial proof was given to show that the defendant expressed himself before at least two persons in the words alleged, thereby bringing about a loss to the plaintiff in his business, and occasioning, it was to be inferred, an injury to his reputation. We have not to do with the amount of the verdict (Tyler v. Railroad Co., 18 Misc. Rep. 165, 41 N. Y. Supp. 523), nor with the question of fact, which the jury has resolved with the approval of the general term, as to whether the defendant or another actually used the words as charged, since there was evidence in support of the finding against the defendant. The verdict, as affirmed, concludes the matter for this appeal. Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915.

The motion for a dismissal of the complaint proceeded upon the grounds, as stated by counsel:

"(1) That the exact words as spoken have not been proven. The witnesses state that the plaintiff [meaning, we assume, the defendant] spoke in a different language beside the English language, and it is very necessary that they should be set forth in the complaint, as there may be a question as to the interpretation thereof. (2) That the words proven here are not actionable per se, and no in-

nuendo has been proven. (3) That no malice or wantonness on the part of the defendant has been shown to any way injure the credit or standing of this plaintiff."

Touching the question of the proof that the words alleged had actually been spoken in a foreign language (the Bohemian tongue, as appears), the court said, "I allow the plaintiff to amend now on the trial," and as to the other points made the motion was denied, under exception. That the words alleged to have been uttered publicly by the defendant were actionable, because slanderous per se, cannot be doubted. The charge was of a fraudulent endeavor, successfully accomplished, by the plaintiff to clear himself of his debts to his material pecuniary gain, and to a loss upon the part of his creditors, from whom available assets were secreted by him. By this, not only was the plaintiff's personal reputation for probity affected, but, through the false statement of his failure in business, it was readily to be conceived that he suffered a loss, because his credit was attacked, and the proof shows that he was actually damaged in this regard. The motion for a dismissal of the complaint, as founded upon its insufficiency, was properly denied (Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127; Gideon v. Dwyer, 87 Hun, 246, 33 N. Y. Supp. 754), and the ruling is not assailable upon the ground taken that "no malice or wantonness" upon the part of the defendant appeared. The cause of action, supported by evidence, was made to appear without any proof of actual malice; and while this element (of malice in fact) had to do with the question of exemplary damages, the propriety of an award beyond compensatory damages is not brought before us by any exception, and the evidence was sufficient to support some recovery. Briscoe v. Litt, 19 Misc. Rep. 5, 42 N. Y. Supp. 908; Ebenreiter v. Dahlman, 19 Misc. Rep. 9, 42 N. Y. Supp. 867.

There remains but the question of variance between the pleadings and the proof because of the allegation of the defamatory words in the English language and the proof of their having actually been spoken in the Bohemian tongue. It is by no means clear that the appellant's exception was taken to any ruling of the court whereby the complaint was considered as amended, since the court's suggestion does not appear to have been acted upon by the plaintiff; but it certainly does appear that no amendment was necessary at the time when the exception was taken, in view of the state of the record. Neither by objections to the introduction of evidence nor by motions to strike out the testimony given to show the utterance of these words in a language not alleged in the complaint, was this matter of variance brought into controversy by the appellant. According to the requirements of practice, the allegations of the complaint were of necessity in the English language (Code Civ. Proc. § 22), and, while the actual proof showed these allegations to have been indefinite, because the fact of the statement having been in a foreign tongue was omitted, the words were proven as alleged, without objection to the method of proof. If the complaint were to be taken, properly, as tendering the issue of the words having been spoken in English, then the variance was waived by the ap-

pellant, who did not attempt to confine the proof to the issue tendered, but entered upon the litigation of a different issue without objection. Frear v. Sweet, 118 N. Y. 458, 23 N. E. 910. Upon yet another ground this variance cannot now be made the basis of a contention that there was a failure of proof, since the appellant, after actively litigating the question whether these words (admittedly spoken by some person) were in fact spoken by such appellant or by another person, failed to make any motion for a dismissal of the complaint, or for the direction of the verdict, at the close of the whole case, and it must be held that there was a consent to the submission of the case to the jury, with a concession that there was evidence sufficient to support the plaintiff's recovery. Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915; Briscoe v. Litt, 19 Misc. Rep. 5, 42 N. Y. Supp. 908; Ebenreiter v. Dahlman, 19 Misc. Rep. 9, 42 N. Y. Supp. 867. ·

Judgment affirmed, with costs. All concur.