(21 Misc. Rep. 528.)

GRUHN v. GUDEBROD BROS. CO.

(City Court of New York, General Term. October 26, 1897.)

1. ACTION FOR RENT—DEMAND.
   In an action to recover upon a lessee's express covenant to pay a specified rent on a certain date, the landlord is not required to allege or prove a demand.
2. APPEAL—REVIEW—EXCEPTIONS.
   The general term of the city court has power to reverse a judgment for a misdirection, although no exception was taken at the trial.

Appeal from trial term.

Action by Meyer Gruhn against Gudebrod Bros. Company. From a judgment in favor of defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before CONLAN and SCHUCHMAN, JJ.

Quincy, Robeson & Wendel, for appellant.

Arthur A. Mitchell, for respondent.

CONLAN, J. This is an appeal from a judgment in favor of the defendant entered on the verdict of a jury, and from an order denying a motion for a new trial. The complaint alleges two causes of action. The first cause of action was upon a written lease executed by the plaintiff to defendant, whereby the defendant agreed to pay plaintiff for a third loft in a building in the city of New York the yearly rental of $1,100, in equal monthly payments. The second cause of action was for the use and occupation of the second loft in the same premises from February 1, 1897, for which the plaintiff alleges that the use was reasonably worth the sum of $400. As to the first cause of action, the court charged the jury that it was the duty of the landlord to demand rent of the premises; that the landlord was bound to go once to the premises, and demand payment of the rent. This, we think, was error. The action was brought on a covenant in the lease to pay the rent on the 1st day of every month. It is conceded that the June rent was not paid, nor is a tender either pleaded or proved. The plaintiff was clearly entitled to recover on the first cause of action, and the misdirection of the court must have affected the minds of the jury in reaching the conclusion they did. The court has power to reverse a judgment for a misdirection, although no exception was taken at the time of the trial. Gillett v. Village of Kinderhook, 77 Hun, 604, 28 N. Y. Supp. 1044; Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCHUCHMAN, J., concurs.