FRIESE, Respondent, v. HOEFLER et al., Appellants. (City Court of New York, General Term. June 1902.) Action by Ida Friese against William Hoefler and another. Davis & Kaufmann, for appellants. Alden & Carpenter, for respondent.

SEABURY, J. All the parties to this action are children of Christian M. Hoefler, who, prior to 1897, carried on the piebaking business, which the defendants now conduct as copartners. Under the will of the father, the business was given to the defendants. The plaintiff claims that she, together with other children of her father, who were not parties to this action, were dissatisfied with the terms of their father's will, and believed that the will had been procured through undue influence exercised by the defendant Charles Hoefler. She claims that she abandoned the idea of a contest of her father's will, in consideration of the promise of Charles, for himself and on behalf of the other defendants, that all the defendants would pay her $10 a week out of the proceeds of the business as long as they continued to conduct the business. Plaintiff alleges that until November 25, 1897, she was in receipt of this sum from the defendants, but that they failed to make these payments since that time, although they still continue to conduct the business. This action was brought to recover the sum of $1,520, alleged by the plaintiff to be due under this agreement. This claim of the plaintiff was put in issue by the allegations of the answer of the defendants. The evidence presented a sharp conflict, which the verdict of the jury has determined in favor of the plaintiff. The contention now urged by the appellants is that the agreement alleged was without consideration, and that the agreement itself was void for uncertainty. We think that these contentions are without merit. It abundantly appears from the evidence that dissatisfaction existed among the children of the deceased as to his will, and that a contest in the courts was threatened by some of the children of the deceased. The fact that the plaintiff compromised her claim, and relinquished her right to contest, furnished legal consideration for the agreement alleged. Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014. The jury have found that the defendants agreed to pay the plaintiff $10 a week out of the business as long as they continued the business. This was a definite and certain period, during which the defendants obligated themselves to make this payment. The defendants Alfred and William claim that, if the alleged agreement was made with the defendant Charles, the motion made by their counsel upon the trial to dismiss the complaint as to them should have been granted. This motion was denied, and an exception duly taken; but the motion was not renewed at the close of the case, and this question is not presented to us for review. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27;

Littlejohn v. Shaw, 159 N. Y. 188–191, 53 N. E. 810; Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915. But, even if the question were now presented for determination, we should not, in view of the evidence tending to show a ratification by William and Alfred of the agreement made by Charles, feel justified in reversing the judgment. The judgment is therefore affirmed, with costs. All concur.