McGRATH et al. v. HOME INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. FIRE INSURANCE—OWNERSHIP OF PROPERTY.
    Insured being merely a member of the firm owning the property, the policy, conditioned to be void if the interest of insured be other than unconditional and sole ownership, is ineffectual.

2. SAME—WAIVER OF CONDITION—KNOWLEDGE OF BROKER.
    Condition of a policy that it shall be void if the interest of insured be other than unconditional and sole ownership is not waived though a broker soliciting insurance for the insurer's agents has knowledge of the facts.

3. APPEAL—SUFFICIENCY OF EVIDENCE—MOTION FOR NONSUIT.
    Though defendant does not move for a nonsuit at the close of the evidence at the Trial Term, the Appellate Division, which may review questions of law and fact, and reverse where the judgment is against the weight of evidence, and has jurisdiction to review errors of law though there is no exception, may reverse where there was no evidence to go to the jury.

Appeal from Trial Term, Franklin County.

Action by Albon F. McGrath and another against the Home Insurance Company of the City of New York. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The plaintiffs were the owners of a certain stock of goods, fixtures, etc., in a building at Bloomingdale, N. Y., used as a meat market. At some time prior to the 27th of May, 1902, the plaintiff McGrath applied to one R. H. McIntyre, at Bloomingdale, for insurance upon the said stock and fixtures. The only relation between McIntyre and the defendant was that in consideration of 5 per cent. of premiums given to him by O'Neil & Hale, the regularly constituted agents of the defendant at Malone, N. Y., he solicited insurance for such agents. He was furnished by O'Neil & Hale with some stationery which bore the heading of the German Insurance Company of Freeport, another company represented by the said agents. Upon May 26, 1902, McIntyre wrote to O'Neil & Hale, in substance, that he had an application from A. McGrath for a policy covering butcher supplies and tools while contained in what is known as the "Costlow Market" in Bloomingdale, Essex county, N. Y.; that he wanted $200 insurance. Thereupon O'Neil & Hale sent to him the insurance policy of this defendant, which purported to insure A. McGrath for the term of one year against loss or damage by fire to an amount not exceeding $200 upon butcher supplies consisting of fresh and salted meats, fish, provisions, canned goods, groceries, and on butcher's tools, knives, blocks, scales, tables, etc. The policy was the standard fire insurance policy of the state of New York, and contained the usual conditions and provisions of such policy. On the 11th day of June, 1902—14 or 15 days after the policy was issued—the building was destroyed by fire. Proofs of loss were thereupon made, payment was refused by the defendant, and this action was brought. The complaint alleged substantially the facts above set forth, stating that the property belonged to the plaintiffs as copartners, but did not ask for reformation of the contract. The trial court, however, allowed the

---

¶ 1. See Insurance, vol. 28, Cent. Dig. § 625.

plaintiff to amend the complaint so as to ask for reformation of the policy. Such reformation, however, he denied, and directed the jury to render a verdict for only one-half the amount which they should find was the value of the property. A verdict was rendered for $50. From the judgment entered upon this verdict, and from the order denying defendant's motion for a new trial, defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Badger & Cantwell, for appellant.
Kellos & Genaway, for respondents.

SMITH, J. Upon the trial the defendant insisted upon three defenses: First, that under the terms of the policy it was void "if the interest of the insured be other than unconditional and sole ownership"; secondly, that the plaintiffs furnished fraudulent proofs of loss; thirdly, that the property was burned by the act or connivance of the plaintiffs. We are convinced that the defendant's first objection must prevail, and it therefore becomes unnecessary to examine the other questions which the defendant has urgently insisted upon.

It is unquestioned that the interest of McGrath, who was insured by the defendant, was not the unconditional and sole ownership of the property insured. Under the terms of the policy itself, therefore, the policy was ineffective unless the defendant has waived this condition to its validity. The force of this objection is sought to be evaded by the plaintiff by testimony of McGrath to the effect that McIntyre was correctly informed as to the actual ownership of the property at the time the application was made to him. There is no claim that any information of such fact was conveyed by McIntyre to the defendant's lawfully appointed agents, and in fact McIntyre denies that such information was given to him. Assuming, for the argument, that McIntyre was so informed of that fact, we think it cannot avail the plaintiffs by reason of the fact that McIntyre was not the agent of the defendant. The policy provides that in any matter relating to this insurance "no person, unless duly authorized in writing, shall be deemed the agent of this company." There is no pretense that McIntyre had any authority in writing, or that he acted other than as an insurance broker soliciting insurance, and placing his orders with the defendant's agent. It is insisted by the plaintiffs' counsel that information to McIntyre had the same effect as would information to a clerk in the office of the defendant's agent. To this we cannot agree. Clerks are necessary adjuncts to business of any size, and, as far as they may be necessary adjuncts, their knowledge may, to an extent, be deemed knowledge of their employers. The relation of McIntyre to these agents was quite different, and his knowledge could no more be deemed the knowledge of the defendant's agent than would the knowledge of any agent or broker who was soliciting insurance between private parties and the insurance company. Without knowledge, then, of the fact that the insured was not the sole owner of the property insured, and without having waived this provision of the policy, we see no escape from the defendant's contention that the policy has thereby become void.

The respondents again insist that the appellant, by its failure to move for a nonsuit at the close of the evidence, has conceded that there is a question of fact for the jury, by which concession it is now bound. He cites in support of this position Wangner v. Grimm, 169 N. Y. 421, 62 N. E. 569; Sigua v. Brown, 171 N. Y. 488, 64 N. E. 144; Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27; Littlejohn v. Shaw, 159 N. Y. 191, 53 N. E. 810; Pollock v. Penn. Iron Works Co., 157 N. Y. 699, 51 N. E. 979; Ives v. Ellis, 169 N. Y. 85, 62 N. E. 138. In these cases it seems to be held that a failure to move for a nonsuit at the close of the evidence is a concession that there is evidence sufficient to go to the jury, which concession is binding upon a defendant upon appeal. It is further held that, after a denial of a motion for a nonsuit, made after the plaintiff's evidence, the submission of evidence by the defendant is a waiver by the defendant of an exception taken to such denial, and that the defendant, in order to avail himself of his exception, must move again at the close of the evidence, upon all of the evidence, for a dismissal of the complaint. The cases cited, however, in which these rules are held, are all cases which arose upon an appeal from an affirmance of a judgment by the Appellate Division, where the judgment is sought to be reversed in the Court of Appeals upon the ground that the evidence does not sustain the verdict. The Court of Appeals is limited by the Constitution to a review of judgments upon questions of law only, and the rule is fairly stated in the headnote to Wangner v. Grimm, 169 N. Y. 421, 62 N. E. 569, in this language: "Questions of law not raised on the trial by proper exceptions cannot be reviewed by the Court of Appeals." That such is the rule laid down for the Court of Appeals seems to be established by the authorities cited. I do not understand, however, that by these cases it was intended to lay down any rule for the guidance of the Appellate Division in its review of a judgment of a trial court. The Appellate Division has wider jurisdiction. It may review questions of law and fact, and may reverse where the judgment is against the weight of evidence. No exception is needed to give jurisdiction to the Appellate Division to review errors of law committed upon the trial. Gillett v. Trustees of Village of Kinderhook, 77 Hun, 604, 28 N. Y. Supp. 1044; In re Brundage, 31 App. Div. 348, 52 N. Y. Supp. 362; Abb. Trial Brief, Civil Jury Trials (2d Ed.) 260, and cases cited. That this was not intended to be a rule of law limiting the right of review in the Appellate Division is clearly shown by the case of Shotwell v. Dixon, 163 N. Y., at page 43, 57 N. E. 178. In that case the Appellate Division had reversed a judgment of the Trial Term on the ground that, as a matter of law, the evidence was not sufficient to sustain the verdict. The defendant had failed to make a motion for a nonsuit, and the plaintiff appealed from the judgment of reversal to the Court of Appeals, insisting that the Appellate Division was without power to reverse upon that ground because of the defendant's failure to move for a nonsuit at the close of the evidence. The question here at issue was squarely presented, and at page 53, 163 N. Y., page 181, 57 N. E., Martin, J., writing for the court, says:

"The contention of the appellant that the defendant, by submitting the case upon the testimony without making a motion for a nonsuit, conceded that

the evidence was sufficient to make the question of the creditor's knowledge one of fact, cannot be sustained. It cannot be properly held that, where a plaintiff fails to establish a cause of action, the defendant, by submitting the case without moving for a nonsuit, supplies the necessary proof, or is to be regarded as waiving his right to raise that question on appeal.

"Nor do we think the appellant's other contention—that, because the defendants were not sworn as witnesses in the case, the court may assume that a cause of action exists without the proof necessary to constitute it—can be upheld. So long as the plaintiff had not established a cause of action against them, they were neither required to make a motion for a nonsuit to protect their rights, nor were they called upon to introduce evidence to contradict the plaintiff's facts, which were insufficient to establish any liability against them."

The doctrine of the case of Griffith v. Staten Island R. T. R. Co., 89 Hun, 141, 36 N. Y. Supp. 157, seems to be overruled in the Shotwell Case cited.

We conclude, therefore, that the trial court erred in submitting this case to the jury, and the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur; PARKER, P. J., in result.