### SPINNER v. KLINGER.

(Supreme Court, Appellate Term. March 24, 1904.)

1. APPEAL—REVIEW—VERDICT UNSUPPORTED BY EVIDENCE—ABSENCE OF EXCEPTION—CORRECTION.

Permitting the jury to find for plaintiff for an amount not justified by his own evidence is error, which will be corrected on appeal, even in the absence of an exception.

Appeal from City Court of New York, Trial Term.

Action by Lawrence Spinner against Jacob Klinger. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Modified.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

P. Van Alstine, for appellant.
Appell & Taylor, for respondent.

SCOTT, J. Under the charge of the court, the jury were left no choice, except either to find in favor of defendant, or to award the plaintiff wages for the whole period that he resided with defendant. Giving the plaintiff's testimony the construction most favorable to him, there is nothing whatever to justify any recovery for 18 months of this period. For so much of the recovery as relates to these 18 months there is absolutely no foundation in the evidence, and to have permitted the jury to find a verdict therefor was error, which this court should correct, even in the absence of an exception. Gillett v. Trustees, etc., 77 Hun, 604, 28 N. Y. Supp. 1044. Fortunately, the amount of the error is easy of computation. The plaintiff's claim is for wages at the rate of $10 a month, and the jury awarded him the whole amount of his claim, with interest from October 25, 1896. A deduction from the verdict of $180, with interest, will give plaintiff all that he can, under his own evidence, be entitled to.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to the sum of $644.82, in which case the judgment, as so modified, will be affirmed, without costs. All concur.