## SCARANGELLO v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. STREET RAILROAD—PERSONAL INJURY—COLLISION—QUESTIONS FOR JURY.

In an action against a street railroad for personal injuries received in a collision between a wagon in which plaintiff was riding and one of defendant's cars, alleged to have resulted from the negligence of defendant's motorman, the act of the defendant in permitting the case to go to the jury without objection at the close of the case is a tacit concession of the sufficiency of the evidence to require a submission to the jury of the questions of the motorman's negligence and the plaintiff's contributory negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

In an action against a street railroad company for injuries received in a collision between a wagon in which plaintiff was riding and one of defendant's cars, alleged to have resulted from the negligence of the defendant's motorman, it appeared that the plaintiff was riding gratuitously in the wagon at the time of the collision, on the invitation of the driver, who was also its owner. The driver was engaged in the business of carting ice for the plaintiff and his customers and others, and it did not appear that plaintiff did or was authorized to exercise any control over the wagon. *Held*, that the driver was not a servant of plaintiff, and hence the negligence of the driver could not be imputed to plaintiff.

Appeal from City Court of New York, Trial Term.

Action by Lorenzo Scarangello, by Francisco Scarangello, his guardian ad litem, against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

Martin Wechsler, for respondent.

BISCHOFF, J.   The record discloses abundant evidence to require submission of the questions of the motorman's negligence and of the plaintiff's freedom from contributory negligence to the jury.   This was tacitly conceded by the defendant's counsel when the case was suffered to go to the jury without objection at the close of the whole case.   McGrath v. Home Ins. Co., 88 App. Div. 153, 156, 84 N. Y. Supp. 374, and other cases cited by the defendant's counsel, do not hold that such a concession does not arise from the failure to move for a nonsuit.   The cases are to the effect only that the Appellate Division is not precluded from a review of the evidence by the absence of an exception to the trial court's refusal to direct a nonsuit, as is the rule in cases of appeals to the Court of Appeals.

The plaintiff was riding gratuitously upon the wagon at the time of the collision, by the invitation of the driver, who was also its owner.   The driver was engaged in the business of carting ice for the plaintiff and his customers and others.   But it does not appear that the plaintiff did or was authorized to exercise any con-

¶ 2. See Negligence, vol. 37, Cent. Dig. § 147.

trol whatsoever over the wagon. In no sense, therefore, can the driver be said to have been the servant of the plaintiff, whose negligence would have been imputable to the latter.

We find no error in the trial court's rulings, and the judgment and order appealed from should be affirmed, with costs. All concur.